Ex Parte James E. Kella, Petitioner, v. Arthur Bradley, Sheriff of Cooper County, Respondent.—84 S. W. (2d) 653.

Kansas City Court of Appeals. April 1, 1935.

*Wm. A. Kitchen* for petitioner.

*Hampton Tisdale* for respondent.

SHAIN, P. J.—A petition for *habeas corpus* in due form was filed in this court March 2, 1935, wherein it is alleged that one James E. Kella is being unlawfully deprived of his liberty by Arthur Bradley, Sheriff of Cooper County, Missouri.

An order allowing a writ of *habeas corpus* was forthwith made by the Presiding Judge of this court, and a forthwith order directed to

the marshal of this court was duly made and attested and said order was duly executed by presenting said James E. Kella before this court on said March 2, 1935.

By agreement of all parties, hearing was set for Monday, March 11, 1935.

A return to aforesaid writ, issued to Arthur Bradley, sheriff aforesaid, was made on March 8, 1935, and a hearing was had before the court on March 11, 1935.

In the return made in this cause, it is alleged:

"That the said James E. Kella was detained by me as such sheriff by virtue of and under a judgment and sentence of the Circuit Court of Cooper County, Missouri, entered on the 19th day of February, 1934, wherein it was ordered by the court that said James E. Kella be confined in the County Jail of Cooper County, Missouri, for a period of one year from the 19th day of February, 1934."

It is further alleged:

"That subsequent thereto and on the 4th day of June, 1934, said James E. Kella was released from my custody by virtue of and under an order of the Circuit Court of Cooper County, Missouri, entered of record on that day granting said James E. Kella a parole."

It is further alleged:

"That subsequent thereto and on the 18th day of February, 1935, by virtue of and under an order of the Circuit Court of Cooper County, Missouri, entered of record on that day revoking the parole granted to the defendant."

It is further alleged that the said James E. Kella is being held under commitment warrant issued in conformity with the order of the court in revoking the parole of said James E. Kella.

At the hearing before the court, a certified copy of the full record of proceedings in the case of State of Missouri v. James E. Kella was presented and introduced in evidence.

The certified record of the Clerk of Cooper County, Circuit Court fully sustains the allegations in the return made by the sheriff, as set forth above.

At the hearing before this court on March 11, 1935, aforesaid, the parties were asked if there were questions of fact in issue. It was stated that such facts as were necessary would be furnished the court by a stipulation that would be filed.

On March 25, 1935, the petitioner filed a motion asking that the court hear testimony. In this motion it is alleged that there is certain testimony, the nature of which is set forth, that the petitioner desires to present for the consideration of the court. The motion filed contains no explanation as to why the agreement to file stipulation as to disputed facts, if any, was not filed.

After a careful study of the record in this case, we conclude that

the information being in the language of the statute properly charges the petitioner herein of the offense charged. [State v. Winterbower, 300 S. W. ;1071; Section 4026, Revised Statutes 1929.]

We further conclude that the plea of guilty entered by the petitioner is a full admission of all the facts that are necessary to the judgment and decree of the trial court.

We further conclude, in view of the language of section 3310, Revised Statutes 1929, that the Judge of the Circuit Court of Cooper County, Missouri, acted within the scope of authority conferred upon him by law in revoking the parole of the petitioner herein and in ordering the sheriff of said county to take the petitioner into his custody.

Our conclusions stated above, of course, fully justifies the action of the said sheriff in retaking the petitioner into his custody.

In other words, our conclusion is that, the record being considered, the matter presented is purely one of law; that the record bears verity upon its face and that this court has not jurisdiction, in this proceeding, to go outside of the record and hear evidence and determine issues of fact on the merits as to matters presented in the trial court, either at the time of the trial or at the time the parole was revoked. [Miller v. Gerk, 27 S. W. (2d) 444; In the Matter of Clark, 126 Mo. App. 391.]

The preliminary writ issued herein is quashed and permanent writ denied. All concur.