STATE of Missouri, Respondent,

v.

Lawrence Edward DEAN, Appellant.

No. 51220.

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, C. H. Parsons, Jr., Sp. Ass't. Atty Gen., Dexter, for respondent.

Wayne B. Wright, Anthony F. Vaiana, St. Louis, for appellant.

STORCKMAN, Judge.

The defendant was convicted of burglary in the second degree. § 560.070, RSMo 1959, V.A.M.S. At a hearing out of the presence of the jury, the court found the defendant had been previously convicted of felonies and assessed the punishment pursuant to § 556.280. The defendant's motion for a new trial was overruled and the court sentenced him to five years' imprisonment. In the trial court the defendant was represented by a court-appointed attorney who was permitted to withdraw after the appeal was taken; the defendant is represented in this court by another court-appointed attorney who has briefed and argued the case.

The evidence of the state tended to prove that Dick X-ray Company occupied a building known as and numbered 4000 Olive Street in the City of St. Louis. Mr. John C. Wagner, an employee of the company, was the last to leave the premises on June 3, 1964, at which time all doors and windows were intact and securely closed and locked. Later that day at about 10:48 p. m., police officer William Sartorius discovered that a

large hole had been broken in a window on the east side of the building. He saw the blinds move and a shadowy figure duck back from the window. He called for assistance and Officers Gustave Moeller and Richard Manley responded. Officer Moeller went to the rear of the building and took a position opposite a rear door which opened onto a loading platform. A short time later the rear door opened, the defendant walked out onto the loading platform and was arrested. A search revealed Rufus Smith Jones hiding in the building; he was arrested and jointly charged with the defendant, but they were separately tried. Mr. Wagner, accompanied by the police officers, discovered that some office machines and equipment had been moved and placed on a ledge near the broken window. A hat was also found in the building which fit the defendant.

As the only witness for the defense, the defendant testified he was in the 3900 block of Olive Street when he received a call from acquaintances as a result of which he went to the Dick X-ray building which he entered by the front door. He stayed there about an hour and a half drinking with others and left by the front door. One of the men named Bill had a key to the place and locked the front door. There were men and women in the crowd. They got more liquor and went to the rear of 4012 Olive. The defendant testified that, wanting to "relieve himself," he went to the rear of 4000 Olive Street where he was standing on the bottom step of the stairs that led to the loading platform when he was arrested. The defendant denied that he came out of the back door and that he had anything to do with the burglary.

■ The questions presented on this appeal relate primarily to adequacy or effective assistance of the defendant's trial counsel. It is first asserted that the defendant was prejudiced and deprived of his constitutional right to due process of law because the trial court failed "to appoint counsel adequately experienced in criminal trials." This charge is based largely upon the statement to the jury by defendant's counsel at the beginning of his argument that "What I don't know about the practice of criminal law would fill volumes. This is probably the first criminal case I have tried in twenty years. My practice is confined to civil law." Although these allegations of error are not preserved in the motion for new trial, and by reason of their very nature are not likely to be, we will review them on appeal under Rule 27.20(c), V.A.M.R. since the lack of effective assistance of trial counsel, if established, has been held to be the deprivation of a constitutional right justifying the grant of a new trial. State v. Caffey, Mo., 365 S.W.2d 607, 609-610(1-3); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

A statement of counsel of his supposed shortcoming may be commendable as a showing of lack of conceit, but when made in argument to a jury it may have the purpose of eliciting the help of the jury in acquitting his client of the offense charged. In any event the statement does not prove itself and actual situation must be determined from the entire record.

■ None of the cases cited holds that a person charged with a criminal offense is entitled to have appointed to defend him "counsel adequately experienced in criminal trials." The test is whether the lawyer appointed renders effective legal assistance. The defendant is entitled to a fair trial but is not guaranteed a perfect one, and the requirement of due process is generally satisfied when the attorney gives his client his complete loyalty and serves his client's cause in good faith and to the best of his ability. State v. Turner, Mo., 353 S.W.2d 602, 605(9-10); State v. Crow, Mo., 388 S.W.2d 817, 822(15, 16); State v. Washington, Mo., 399 S.W.2d 109 (decided February 14, 1966); McKenna v. Ellis, 280 F.2d 592, 599(3); Pineda v. Bailey, 340 F.2d 162, 164(2-4); Root v. Cunningham, 344 F.2d 1, 3(6, 7).

Next the defendant contends there was no admissible evidence of prior convictions and that the jury should have determined the punishment but that counsel failed to preserve the question for review. The state presented record evidence of prior convictions at the hearing out of the jury's presence. On objection of counsel one of the exhibits was excluded. In all of them the given name Lawrence appeared, but the other forename was different; however, a series of photographs were included in the exhibits. The similarity of names was sufficient to establish the defendant's identity especially with the accompanying photographs. State v. Collins, Mo., 394 S.W.2d 368, 371(2); State v. Witt, Mo., 371 S.W.2d 215, 220(10, 11). Furthermore, no prejudice could have resulted to the defendant since he testified in his own behalf and on cross-examination admitted prior convictions. State v. Tucker, Mo., 362 S.W. 2d 509, 513(9); State v. Redding, Mo., 357 S.W.2d 103, 108–109(14).

The next complaint concerns the hat found in the building at 4000 Olive when it was searched by police officers after the defendant was arrested. The defendant alleges his constitutional right not to give evidence against himself was violated when the police placed the hat on his head soon after it was found, and again during cross-examination when he was requested to try the hat on, which he did. The defendant has cited three cases from other state jurisdictions which are not persuasive in view of the different circumstances and the established law of this state.

When a defendant in a criminal case voluntarily takes the stand as a witness in his behalf he waives the protection against self-incrimination given him by Art. 1, § 19 of the Missouri Constitution, V.A. M.S. and Amendment 14 of the Constitution of the United States and subjects himself to the perils of being cross-examined to the extent permitted by law. State v. Swisher, 364 Mo. 157, 260 S.W.2d 6, 10(3). See also a concurring opinion in Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 213, 96 L.Ed. 183, wherein it is stated: "Of course an accused can be compelled to be present at the trial, to stand, to sit, to turn this way or that, and to try on a cap or a coat." The constitutional rights of the defendant were not violated in either instance.

The final challenge to the conduct of the trial is that counsel failed to cross-examine the state's witnesses properly and to call witnesses whose names were supplied by the defendant. The charge is not supported by the record. The extent of cross-examination and selection of witnesses to be used are matters of trial strategy which rest in the considered judgment of the trial attorney and cannot be determined on the basis of hindsight and second guessing. State v. Crow, Mo., 388 S.W.2d 817, 822(15); McKenna v. Ellis, 280 F.2d 592, 599(3).

The transcript of the proceedings demonstrates that the trial was properly and fairly conducted. There were no untoward or prejudicial incidents. The fact issue was a narrow one which the jury understandably found against the defendant. The defendant was ably represented and received effective legal assistance. He was not deprived of a constitutionally fair trial.

We have considered all questions presented by the defendant and find them to be without merit. We have also examined the parts of the record and entries designated in S.Ct. Rules 28.02 and 28.08, V.A.M.R., and find them to be in proper form and free from error.

Accordingly the judgment is affirmed.

All of the Judges concur.