**STATE of Missouri, Respondent,**

v.

**William D. ARMSTRONG, Appellant.**

No. 53241.

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1968.

Norman H. Anderson, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

HOUSER, Commissioner.

This is an appeal from the order denying a motion by William D. Armstrong under Criminal Rules 27.25 and 27.26, V.A.M.R.

to set aside a sentence, permit the defendant to withdraw a plea of guilty, and reinstate the cause on the docket for trial by jury.

Charged with stealing wire cable of the value of $917 from Southwestern Bell Telephone Company defendant, represented by attorney A, pleaded not guilty. About 5 months later, on February 16, 1967, defendant, then represented by attorney B, withdrew his plea of not guilty, entered a plea of guilty and was sentenced to 7 years' imprisonment. On March 10, 1967 defendant filed this motion, alleging that he was brought into court on February 16, 1967 upon the assurance that the case was to be tried before a jury; that attorney B, in the presence of attorney C (who represented defendant in another criminal case), told defendant that the prosecuting attorney was considering filing the present case under the Habitual Criminal Act, and since he had two other criminal charges pending against him he had better plead guilty to the present charge and take a sentence of 7 years, which the prosecutor would recommend to the court; that defendant was innocent of the crime charged, had no intention of pleading guilty, and argued against a plea of guilty but that C continued to argue, basing his argument on the threat of filing under the Habitual Criminal Act and the pendency of two other charges and that if defendant succeeded in obtaining a not guilty verdict in the present case the prosecuting attorney would proceed to trial in the others; that if he would plead guilty in the present case the other two charges would be dismissed and no charge under the Habitual Criminal Act would be filed; that defendant was thereby persuaded and induced to enter a plea of guilty, as a result of being misled and by the last-minute persuasion of C, "coupled with the fear and misapprehension resulting from (C's) eloquent exhortations"; that the guilty plea was the result of "being rushed and fast-talked into said plea."

A full hearing was held on the motion. Defendant's personal testimony was con-sistent with the allegations of the motion. He claimed that the two attorneys, B and C, holding out the inducement of dismissal of two of the three charges and raising the matter of filing the present case under the Habitual Criminal Act, "finally worked my fears up to where I kind of just give in to them." There was no other evidence to substantiate the motion.

A record of the transcript of the proceedings of February 16, 1967, introduced at the hearing, showed the following: Both attorneys B and C appeared on behalf of defendant. Defendant was asked and answered fifteen questions concerning his age, his desire to plead guilty, his understanding that on a plea of guilty it would be up to the court to set the penalty; that by so doing he would be waiving his right to trial by jury and that there would be no appeal from the court's assessment of a penalty; that he was entering his plea of guilty because he was in fact guilty of the offense charged, namely, theft of $917 worth of cable from Southwestern Bell Telephone Company; that there was no question in his mind about the plea; that there had been no promises or threats made to him to induce the plea; that nobody, including attorneys B and C, and members of the prosecuting staff, had indicated to him in any way what sentence the court might impose; that the court had discretion to sentence him to anything from one day in jail up to 10 years in the penitentiary for this offense; that he understood that the court does not have to follow any recommendation that the prosecuting attorney might make or that his counsel might make as to the length of sentence; that he understood that, and was entering this plea of his own free will. The state recommended 7 years and the court accepted the plea. On motion of the state the court dismissed the other two cases pending against defendant. The court, after ascertaining that defendant had served time in the penitentiary on three previous convictions and had been at the reformatory twice, accepted the recommendation of the

prosecuting attorney and sentenced defendant to 7 years' imprisonment.

■ At the conclusion of the hearing of the motion filed under Criminal Rules 27.25 and 27.26 the trial judge (the same judge who had taken the plea of guilty) denied the motion, with the statement that defendant had charged two reputable members of the bar and that the judge did not believe a word of defendant's testimony.

In appellant's brief the legal aid society and public defender first contend that appellant was misled as to his rights; that his plea was made through mistake, misapprehension and fear. Complaint is made that the record does not disclose that defendant's counsel negotiated with the prosecuting attorney with respect to the length of the sentence, and the assertion is made that if defendant had been advised that the lowest sentence the prosecutor would recommend would be 7 years, and that the court in all probability would sentence him to not less than 7 years, "it is not unrealistic to say that he might have taken his chance with the jury." Quotations are made from court opinions condemning perfunctory examinations and mere routine inquiries with respect to the extent of the accused's knowledge of the consequences of his choice of a guilty plea.

None of the suggestions made on behalf of the defendant is substantial. The examination into the defendant's understanding of the nature and consequences of a plea of guilty and his knowledge of the freedom of the court to assess whatever penalty he deemed appropriate was not merely perfunctory or routine; it was a careful inquiry in which the salient facts were adequately and sufficiently elicited. Defendant's testimony that he agreed to the plea for fear of being charged under the Habitual Criminal Act, etc. was rejected in toto by the trier of the facts as unworthy of belief. It appears no more persuasive in this forum than it did to the trial judge. We are fully satisfied that defendant was not misled and that he did not plead guilty through mistake, misapprehension or fear, and that his plea of guilty was voluntary.

■ Appellant's second point is that the court erred in sentencing appellant without evidence that the stolen material had a value of at least $50. A plea of guilty is a confession of the truth of the facts stated in the information, State v. Holland, Mo.Sup., 411 S.W.2d 181; it is a full admission of all facts necessary to the judgment of the trial court. Kella v. Bradley, 229 Mo.App. 821, 84 S.W.2d 653. A guilty plea takes the place of evidence against the accused, Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94, and dispenses with the necessity of proof.

■ Appellant's last point is that in imposing sentence the court erred in considering appellant's prior convictions, and should have inquired into all of the circumstances of the alleged theft. It is argued that only when the accused is charged under the Habitual Criminal Act should the court consider prior convictions in assessing punishment. This is inconsistent with Criminal Rule 27.07, paragraph (b) of which recites the factors (including "prior criminal record of the defendant") which this Court considers helpful in imposing sentence in all cases. The argument that if the court had inquired into all of the circumstances "facts might have been disclosed that would cast doubt upon the value of the stolen cable, or that the appellant did not intend to make a transfer to other persons, or that he intended merely to use it and to return it to its rightful owner after such use had been discontinued, * * *" is rejected without discussion as frivolous.

Order affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.