**STATE of Missouri, Respondent,**

v.

**Jesse LANG, Appellant.**

**No. 34863.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 30, 1973.

Wilson, Cunningham & McClellan, J. H. Cunningham, Jr., St. Louis, for appellant.

John C. Danforth, Atty. Gen., by G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., by William M. Frain, Jr., Charles B. Blackmar, Sp. Asst. Attys. Gen., St. Louis, for respondent.

KELLY, Judge.

On February 5, 1968, appellant entered a plea of guilty to a reduced charge of mur-

der in the second degree and received a sentence of 15 years in the Missouri Department of Corrections. Thereafter, on June 29, 1971, he filed a motion to set aside the judgment and sentence therein under Supreme Court Rule 27.26, V.A.M.R., and the trial court after an evidentiary hearing on the 11th day of January, 1972, filed its memorandum opinion and judgment denying appellant's motion on the 17th day of January, 1972. Notice of appeal to the Missouri Supreme Court was timely filed and on the 15th day of August, 1972, the Missouri Supreme Court, on its own motion, transferred the cause to this Court pursuant to Art. V., Sec. 3, Constitution of Missouri, as amended, V.A.M.S., and Garrett v. State, decided June 14, 1972, Mo., 481 S.W.2d 225.

Both at the evidentiary hearing and on his appeal the appellant raises three contentions for setting aside the judgment and sentence in the trial court; they are,

1. that he was denied due process of law in that, at the time he entered his guilty plea his court appointed counsel was wholly inexperienced in criminal trial work, and failed to subpoena witnesses who could have testified in his behalf;

2. that he was transferred from the City Jail to the City Workhouse and while incarcerated there was required to perform work in the food service department; this, he contends, constituted involuntary servitude and double jeopardy in violation of his constitutional rights under both the state and the federal constitutions; and

3. that the sentence imposed on his plea of guilty was influenced by the allegations in the indictment of a prior conviction of burglary in the second degree and stealing and this therefore constituted putting his "freedom" in jeopardy again as the result of and because of the burglary conviction for which he had already completed the sentence, in violation of Article V of the Amendments to the Constitution of the United States and Section 19, Article I of the Constitution of Missouri.

One seeking to have his sentence vacated has the burden of proving his ground or grounds for relief by the preponderance of the evidence and the review of the judgment of the trial court is limited to determining whether the findings and judgment against the appellant are clearly erroneous. Rule 27.26(j), V.A.M.R. The findings and conclusions of the trial court in denying relief to movant are presumed correct and are to be affirmed unless clearly erroneous. Rule 27.26, supra; Babcock v. State, Mo., 485 S.W.2d 85, 88(1).

With respect to appellant's first point, a person charged with a criminal offense is entitled to have appointed to defend him counsel who renders effective legal assistance. The requirement of due process is generally satisfied when appointed counsel affords his client his complete loyalty and serves his client's cause in good faith and to the best of his ability. State v. Dean, Mo., 400 S.W.2d 413, 415. Lack of previous experience in the trial of criminal cases, does not, standing alone, demonstrate ineffectiveness of counsel. Tucker v. State, Mo., 482 S.W.2d 454, 456 (1). The evidence in the record on review fully supports the trial court's findings of fact in this respect. The uncontradicted evidence was that counsel appointed to represent the appellant in the original proceeding was a distinguished member of the Bar who was a graduate of a law school with a degree in law and who had been engaged in the practice of the law since 1949. He had extensive experience in the trial of civil cases and had been appointed numerous times to represent indigent defendants in criminal cases. The ten years immediately preceding his appearance in appellant's behalf had been devoted primarily to the trial of claims before the Workmen's Compensation Commission of this state.

It was admitted that appellant had furnished counsel the names of three per-

sons who allegedly witnessed an altercation between the appellant and the victim of the homicide three days before appellant shot the victim to death. Appellant expected that they would testify that the altercation was the result of a misunderstanding over a dice game; that the victim of the murder physically abused him, cut the pockets out of his pants, and threatened to kill him the next time their paths crossed. Appellant was unable to give counsel the addresses of any of these witnesses. Counsel enlisted the aid of appellant's brother to locate these witnesses, but to no avail. He did locate the aunt of one of the witnesses—a Raymond Rice, also known as "Hawk"—but she advised counsel that Rice wanted nothing to do with appellant and would be out of town until "the whole thing was over." Rice was also endorsed as a State witness in the case.

Faced with this dilemma, counsel, when the State agreed to reduce the charge, advised appellant that he should accept the offer and plead guilty to the reduced charge. Review of the record of the plea demonstrates that the plea was voluntarily made after the assistant circuit attorney stated to the court the facts of the case as the State expected them to develop from evidence in the State's file and then recommended to the court a sentence of 15 years in the custody of the Department of Corrections.

There is no evidence that appointed counsel did not comply with the due process requirements of complete loyalty and service in his client's cause in good faith and to the best of his ability. State v. Dean, supra.

■ Appellant next contends that his transfer from the City Jail to the City Workhouse where he was required to perform labor in the food service department of the workhouse while awaiting trial on the murder charge constituted involuntary servitude. The transcript of the record on the hearing of this motion reveals that while appellant was a prisoner in the City

Jail awaiting trial there was a disturbance. He testified: "The pressure that was on me down at City Jail, all that fighting every day—" On cross-examination by the assistant circuit attorney the following was developed:

> Mr. Frain: "Q. All right. Okay. Now, you were taken to the Workhouse after this fracas in the Jail, is that right?
>
> A. Well—
>
> Q. You said there was some kind of disturbance in the Jail?
>
> A. Yes.
>
> Q. You say you were working in some kind of food service?
>
> A. In the Workhouse.
>
> Q. What did they make you do?
>
> A. We had to mop, had to clean the tables and wash dishes, and we had to clean up down there, and all the things you know."

Assuming, arguendo, that the labor appellant was required to perform at the Workhouse constituted involuntary servitude, it is clear that he was moved from the City Jail to the Workhouse for administrative reasons for what apparently constituted violation of the rules of the City Jail—to-wit, taking part in a fracas. This would then constitute an exercise of administrative decisions and would not be judicial in nature. It would not then, under any circumstances, be grounds for vacating the sentence. Any remedy available to him would not be by Rule 27.26, V.A.M.R. State v. Croney, Mo., 425 S.W.2d 65, 67(4).

Appellant also relies on this transfer between institutions and work assignment as support for one of his other claims for relief, i. e., double jeopardy. He alleges that he was subjected to double jeopardy in two different circumstances. He asserts that,

1) by requiring him to perform labor at the Workhouse while he awaited trial

he was punished and his liberty was taken away from him for two months, and subsequently when he pleaded guilty to the reduced charge of murder in the second degree a second punishment was imposed on him by the court;

2) that the sentence imposed on him by the court was influenced by the fact that he had previously been convicted of burglary in the second degree and stealing and had served a sentence on that conviction, so that a longer sentence was imposed than would have been had he not been previously convicted.

Article I, Section 19, Constitution of Missouri, V.A.M.S., provides: "nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury."

The Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Supreme Court of the United States in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, has held that the guarantee of the Fifth Amendment to the United States Constitution against double jeopardy is enforceable against the states through the Fourteenth Amendment to that Constitution.

"A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; . . ." Cooley, Constitutional Limitations 686–688 (8th Ed. 1927).

"As to when a person is first put in jeopardy on a trial on a charge of the commission of a crime is a question upon which the authorities are not agreed; but the better opinion is that jeopardy does not arise until after the jury is properly impaneled and sworn and that when this is done jeopardy attaches. This requires the swearing of the whole jury which is to try the defendant and not a part thereof." 1 Wharton's Criminal Law and Procedure, Anderson, sec. 138, p. 308 (1957). State v. Keating, 223 Mo. 86, 94, 122 S.W. 699, l. c. 701.

█ This appellant stood charged with a capital offense, murder in the first degree. In such cases, when the proof is evident or the presumption is great, the accused is not bailable. Article 1, Section 20, Constitution of Missouri, V.A.M.S. There is no evidence in this record that appellant made any attempt to have a determination of his availability for bail judicially determined. In the absence of such, it was the duty of the jailer to hold him in custody and thus deprive him of his liberty under the law pending trial of the charge, and this in no way constituted placing him in jeopardy.

█ With reference to his complaint that he received a longer sentence by reason of his prior conviction, we do not find this supported by the record. The record on appeal states that the amended information in lieu of indictment included, in addition to the allegations necessary to support a charge of murder in the first degree, an averment that on the 26th day of February, 1962, appellant was convicted of the offense of burglary in the second degree and stealing; that he was imprisoned in the Missouri Department of Corrections for a term of two years; that he was granted probation on that same day for a period of four years; that said probation was revoked when he violated the terms of his probation and he was imprisoned in the Intermediate Reformatory of the State of Missouri on the 9th day of July, 1962, in accordance with his previous sentence; and that he was discharged "on August 16, 1962" after lawfully complying with said sentence. During his direct examination at the evidentiary hearing the appellant testi-

fied that the pleading was in error with reference to his date of discharge; that according to the indictment he had served only five months on a two year sentence, whereas, in fact, he served one year and was discharged in July, 1963.

However, a careful study of the transcript of the proceedings on the 5th day of February, 1968, when appellant withdrew his former plea of not guilty to the charge of murder in the first degree and entered a plea of guilty "to Murder Second Degree" fails to reveal any reference whatsoever to the prior conviction pleaded in the amended information containing the Habitual Criminal pleading. After making his statement of facts, the assistant circuit attorney when the sentencing court asked if he had a recommendation, replied: "The State will recommend fifteen years." The court immediately sentenced the appellant to the fifteen years in the Department of Corrections. There was no discussion whatsoever relative to any prior conviction, and at no time was there any evidence offered at the evidentiary hearing that appellant's prior conviction was considered either by the assistant circuit attorney in arriving at his recommendation, nor in the sentencing court's decision to follow and adopt said recommendation. As an appellate court we review the action of the trial court on the basis of the record before us; we cannot assume or surmise matters not included in the record. The sentencing judge was also the judge at the evidentiary hearing, and in his "Memorandum Opinion and Judgment" filed in this cause he finds:

"If this Court understands movant's claim, it is wrongful and places any defendant in double jeopardy for the State to allege a prior conviction. *The inference, as this Court understands it, is that this Court took into consideration that movant was a prior felon and therefore pronounced a 15-year sentence for the crime of Murder in the Second Degree.* This Court finds no merit to the contention of the movant in paragraph 3 of his Supplemental Petition, and, therefore,

finds against movant on the issues contained therein." (Emphasis supplied.)

There is no evidence to contradict this finding or upon which we could conclude that this finding is "clearly erroneous".

In reaching our decision on this appeal it is unnecessary to consider the constitutionality of the Habitual Criminal Act, Section 556.280, V.A.M.S., or its application to defendant's guilty plea, since appellant was not, as he contends, sentenced under the "habitual criminal law." A reading of the statute clearly demonstrates that the act applies only to jury tried cases. "Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole or probation shall be heard and determined by the trial judge, *out of the hearing of the jury prior to the submission of the case to the jury.*" Section 556.280(2) (Emphasis supplied.) If the trial judge determines that the accused has been previously convicted of a felony, the only issues submitted to the jury are those of guilt or innocence; the sentencing function of the jury is then shifted to the trial judge if a guilty verdict is returned, and he may impose any sentence provided by law. Section 556.280(1), V.A.M.S. The constitutionality of this procedure has been sustained. State v. Priggett, Mo., 470 S.W.2d 459, 463 [7].

The range of punishment upon conviction of murder in the second degree is "imprisonment in the penitentiary not less than ten years." Section 559.030, V.A.M.S. The sentence imposed by the sentencing court is within the range of punishment permitted by the statute, and under the facts of this case would in no manner shock the conscience of the court. Even had the court considered the appellant's prior conviction in arriving at the number of years imposed, this would not be improper. State v. Armstrong, Mo., 433 S.W.2d 270, 272. The court could, had it been so inclined, delay the imposition of sentence and order a pre-sentence investigation which, according to Rule 27.07, V.A.M.R., "shall contain any prior criminal record of the defendant . . . ."

The double jeopardy issue has no application to the facts of this appeal. The appellant was not put to trial a second time for the burglary and stealing charge nor could that conviction bar his subsequent conviction for murder in the second degree arising out of a factual situation occurring five years later. Appellant was "tilting at windmills" in presenting this issue.

We affirm.

SMITH, P. J., and SIMEONE, J., concur.