**Gayle Allen HOBBS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57216.

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1973.

J. Arnot Hill, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles Blackmar, Spec. Asst. Atty. Gen., St. Louis, for respondent.

HOUSER, Commissioner.

Gayle A. Hobbs has appealed from a judgment denying his motion filed under Criminal Rule 27.26, V.A.M.R. to vacate a 9-year sentence entered upon a plea of guilty to robbery in the first degree. We have jurisdiction, the notice of appeal having been filed before January 1, 1972. Art. V, §§ 3, 31, Constitution of Missouri, 1945, V.A.M.S.

The single point raised by appellant on this appeal is that "* * * the evidence adduced fails to prove that the appellant was guilty of robbery in the first degree." Conceding that the information to which he pleaded guilty "charged that the robbery was committed with a deadly weapon," appellant complains that the court could not lawfully accept a plea of guilty to robbery with the use of a deadly weapon when there was *no evidence* of such use, and that in so doing the court violated his right to due process of law. This complaint is wholly without merit for the reason that a plea of guilty is a confession of the truth of the facts alleged in the information. There is no need to prove that which is admitted. "Appellant's second point is that the court erred in sentencing appellant without evidence that the stolen material had a value of at least $50. A plea of guilty is a confession of the truth of the facts stated in the information, State v. Holland, Mo.Sup., 411 S.W.2d 181; it is a full admission of all facts necessary to the judgment of the trial court. Kella v. Bradley, 229 Mo.App. 821, 84 S.W.2d 653. A guilty plea takes the place of evidence against the accused, Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94, and dispenses with the necessity of proof." State v. Armstrong, Mo.Sup., 433 S.W.2d 270 [2–4]. And see State v. Crump, Mo.Sup., 412 S.W. 2d 490 [6].

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.