Johnny **NELSON**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 9621.

Missouri Court of Appeals,
Springfield District.

Feb. 26, 1974.

Charles L. Spitler, New Madrid, for movant appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Appeal by Johnny Nelson from the denial by the Circuit Court of New Madrid County of his Rule 27.26, V.A.M.R., motion to vacate judgment and sentence.

Appellant, presently serving a ten-year sentence in the custody of the Department of Corrections on his plea of guilty to murder in the second degree [§ 559.020, RSMo 1969, V.A.M.S.], sought post-conviction relief on the grounds his plea was unconstitutionally tainted and he had ineffective assistance of counsel at his plea and subsequent parole revocation hearing. Following an evidentiary hearing the trial court entered findings of fact and conclusions of law overruling appellant's motion. We affirm.

Appellant was originally charged with the crime of first degree murder following his fatal shooting of a fellow-participant in a game of dice. As a result of plea bargaining efforts of his employed attorney appellant entered a plea of guilty to the lesser charge of murder and he was granted a judicial parole on his ten-year sentence. Thereafter, following a parole violation report, a hearing was conducted which resulted in appellant's parole being revoked and sentence ordered executed. § 549.101(1), RSMo 1969, V.A.M.S.

The motion herein alleged as grounds that his plea of guilty was a product of fear and duress that deprived him of due process because it was entered to escape a possible death penalty—that has since been held unconstitutional; that his attorney failed to inform him that he could have been charged with the crime of manslaughter and that he was forced into pleading guilty to second degree murder; further, that his counsel was ineffective for failing to appeal "the probation violation after a hearing wherein the court abused its descretion [sic], and could have been found clearly erroneous by an appellate court, and that is to say: 1. The Court did not have probable cause to revoke the probation; and 2. Appellate review may have order the probation reinstated for all purposes."

As a result of the evidentiary hearing, at which the transcripts of appellant's guilty plea and the revocation hearing were made a part of the record, the trial judge made the following findings of fact and conclusions of law: "Although vaguely supported by his own testimony Movant's grounds for relief are his failure to understand the proceedings and a threat of the death penalty to secure a plea of guilty. Movant also claims ineffective counsel. The Court finds against Movant on all these points. His attorney, Mr. Harold Jones is one of the leading members of the bar. The results of this case clearly show that most effective counsel was provided Movant. To have a first degree murder charge result in 10 years and a parole speaks for itself. Mr. Jones testified that Movant did understand the proceedings and that no death penalty was ever threatened. The court fully believes this testimony and finds against Movant.

"Movant also complains that his parole should not have been revoked. At the hearing on this revocation, six witnesses were heard and Movant had the benefit of the service of Mr. Harry Bock, an experienced and able attorney. After such hearing it was obvious that Movant had committed a brutal and unprovoked assault upon his girlfriend sending her to the hospital with serious and permanent injuries. The court finds that there was ample evidence to support the revocation of Movant's parole."

In this appeal the appellant seeks to attack the revocation of his parole and as an alternative to vacating and setting aside his sentence urges us to "reinstate his prior probation on the same terms and conditions as originally issued . . ." Aside from § 549.141, RSMo 1969, V.A. M.S., which is a positive declaration by the Legislature that the revocation of judicial probation or parole is not subject to appellate review, we are admonished by Green v. State, 494 S.W.2d 356 (Mo.banc 1973), that the legality of the revocation of the appellant's parole by the sentencing court is not a matter within the scope of a Rule 27.26 proceeding.

In *Green* the movant alleged he was not afforded a hearing either before the revocation of his parole or on his motion for reconsideration. The Supreme Court ruled (l.c. 357): "As indicated, the only matters now before us relate to the legality of the revocation of defendant's parole. Those are not matters which come within the scope of a proceeding under Rule 27.26. *That rule provides a remedy for a prisoner who desires to attack the sentence.* Here, defendant does not attack the sentence but desires to have his parole or probation under that sentence reinstated. The relief sought cannot be granted in a 27.26 proceeding. Habeas corpus would appear to be the proper remedy. Jones v. State, 471 S.W.2d 166 (Mo.1971)." (Our emphasis)

Although the trial court received evidence in the hearing below pertaining to the revocation of appellant's parole and ruled the question adversely to him we need not consider this matter further in view of the decision in Green v. State, supra, and the point is denied.

As to appellant's remaining allegations that his plea of guilty was constitutionally infirm by reason of fear of the death penalty, lack of understanding of the proceedings against him, and ineffectiveness of his counsel, our review of the judgment of the trial court is "limited to a determination of whether its findings, conclusions and judgment are clearly erroneous". Rule 27.26(j); Crosswhite v. State, 426 S.W.2d 67, 70 (Mo.1968). Appellant was cast with the burden of establishing his grounds for relief by a preponderance of the evidence [Beach v. State, 488 S.W.2d 652, 656 (Mo. 1972)] and the trial court determined that appellant did not meet this burden. The findings and conclusions of the hearing court are presumed correct and are to be affirmed unless clearly erroneous. State v. Lang, 491 S.W.2d 12 (Mo.App.1973).

Applying the foregoing principles to the instant case, and after examining the complete transcript of the record (including the transcript of the appellant's plea of guilty), we are convinced that the trial court did not err in overruling appellant's postconviction motion. The record of appellant's guilty plea demonstrates a substantial compliance by the sentencing court of Rule 25.04, V.A.M.R. before acceptance of the plea [McKnight v. State, 497 S.W.2d 201 (Mo.App.1973)] and leads to the conclusion that the plea was voluntarily and understandingly entered in the constitutional sense. The testimony of Mr. Jones, appellant's attorney, at the evidentiary hearing fully supports the trial court's determination that appellant understood the proceedings and that there was no threat of the death penalty. On the latter issue we would also call attention to the fact that a plea of guilty is not invalid merely because it is entered to avoid the possibilities of a death penalty. Brady v. United

States, 397 U.S. 742, 90 S.Ct. 1463, 25 L. Ed.2d 747 (1970); Skaggs v. State, 476 S. W.2d 524 (Mo.1972). The trial court had the right to reject appellant's testimony in arriving at its judgment and did so. On the record before us we cannot say its judgment was clearly erroneous.

The judgment is affirmed.

HOGAN, C. J., and STONE and TITUS, JJ., concur.