**Marko Savantes WHITLOCK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 36087.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 11, 1976.

Motion for Rehearing or Transfer to Court En Banc Denied June 15, 1976.

Allen I. Harris, James A. Bell, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Robert M. Sommers, Asst. Attys. Gen., Jefferson City, Gene McNary, Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

Motion for relief under Rule 27.26.

In 1971 movant was charged with first degree robbery and pled guilty on the advice of counsel. The court accepted the plea, suspended sentence and placed movant on probation for three years.

While on probation, movant pled guilty to forging a check. He testified he believed this plea would not result in revocation of his probation.

Later, movant was indicted on a second robbery charge. During pendency of that prosecution, the court held a probation revocation hearing, revoked movant's probation, and sentenced him to imprisonment for 75 years.

■ By paragraphs I and IV of his Points Relied On movant contends he was denied due process when his probation was revoked; he argues there was no preliminary hearing and the evidence was insufficient. The essence of Points I and IV is the legality of the parole revocation. That does not "come within the scope of a proceeding under Rule 27.26. That rule provides a remedy for a prisoner who desires to attack the sentence." *Green v. State,* 494 S.W.2d 356[2–4] (Mo.1973). *Green* holds the proper remedy to attack a parole revocation is by habeas corpus.

■ At the hearing on the Rule 27.26 motion, the court recognized the limitation of ruling the revocation issue under Rule 27.26, but chose to consolidate all the issues. The trial court's choice is not binding on our court. *Nelson v. State,* 508 S.W.2d 227[2, 3] (Mo.App.1974). We decline to consider movant's challenges to his parole revocation.

■ By his Points II and III movant contends the 75-year sentence is excessive. It is within the statutory parameters of five years to life and there is no error. Section

560.135, RSMo 1969; *Duncan v. State,* 524 S.W.2d 140[3] (Mo.App.1975).

Last, we consider movant's Point V on the voluntariness of his original guilty plea. He alleges the trial court failed to ask him if his plea was being made to receive a lighter sentence or if any promises had been made to him. He argues specifically that ". . . the circumstances were appropriate for a false confession because the State recommended five years and the appellant has a very good chance of getting probation." There is no reason to consider the probability of a "false confession" being induced since movant admitted his guilt to the first robbery at his Rule 27.26 hearing.

Judgment affirmed.

DOWD and STEWART, JJ., concur.