Lee Edward LETT, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10490.

Missouri Court of Appeals,
Springfield District.

April 22, 1977.

Motions for Rehearing or Transfer
Denied May 13, 1977.

Michael Baker, Springfield, for movant-appellant.

John Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Judge.

Appellant Lee Edward Lett has appealed from the order of the Circuit Court of Greene County denying him postconviction relief from concurrent prison sentences he is serving for burglary and stealing. We affirm.

Appellant entered pleas of guilty to the two crimes on May 30, 1975. Sentencing was deferred until June 6, 1975, at which time a seven year sentence for burglary and a five year sentence for stealing were imposed. The court ordered the sentences to be served concurrently and then suspended the sentences conditioned upon appellant's acceptance into a drug rehabilitation program and future good behavior. Appellant was placed on probation for five years.

On February 26, 1976, an evidentiary hearing was conducted by the trial court on whether appellant's probation should be revoked. The court, on March 2, 1976, filed findings of fact and reasons for revoking probation, ordered appellant's probation revoked, and ordered the sentences executed.

Appellant's Rule 27.26 motion was filed July 7, 1976, alleging as grounds the following:

"I. The plea of guilty was involuntary for the reasons that movant had been threatened by the prosecutor with 40 years if he did not plead guilty to the charges;

II. That the movant willingly plead guilty because his will was overcome by the threats of the prosecuting attorney and the failure of the lawyer to aid him;

III. Movant believed in his mind that if he did not cooperate that he would receive 40 years and this made the movant scared so that the movant pleaded guilty.

IV. The counsel for movant told movant to tell the Court that no deals or threats had been made so that movant would be able to receive the 7 and 5 years.

V. The movant was denied effective assistance of counsel for his defense for the reasons that counsel led the movant into the courtroom to falsely mislead the court knowing that movant had been threatened with 40 years by the prosecuting attorney.

VI. Counsels representation reduced the plea of guilty to being involuntary for the reasons that movant had been threatened and counsel stood moot [sic] and allowed the Court to go uncorrected and placed movant to his doom.

VII. Movant was denied effective assistance of counsel for the reasons that counsel stood moot [sic] at the time sentence was imposed and after recovation [sic], and did not inform the court that movant had a serious drug problem in which counsel could have pleaded for hospitalization of continued nature.

VIII. Movant was deprived of his right to probation and was driven into his acts and in violation of the Rules by the malicious and capricious acts of his probation officer who harrassed [sic] and intimidated movant to the point where movant was forced to violate the conditions of probation and did inform movant's wife that he wished movant was dead, all in a gise [sic] to cause movant to violate the conditions of his probation.

b. Movant incorporates allegations I through VII as the reasons why he should be allowed to withdraw his plea of guilty, or to receive a reduction in sentence."

On July 26, 1976, the trial court filed a memorandum and order denying appellant's motion without an evidentiary hearing. That order reads as follows:

"The record in that case shows that on May 30, 1975, Movant was present in person in this Court with his attorney Winston Davis, and entered a plea of guilty to burglary in the second degree and a plea of guilty to stealing in conjunction with the burglary. The Court found that Movant's pleas of guilty were made voluntarily and with full understanding of the nature of the charges as required by Rule 25.04.

"On June 6, 1975, in the same case, Movant was present in this Court in person and with his attorney Winston Davis and was granted legal allocution, after which Movant was sentenced to the Division of Corrections for a term of seven years for the burglary and a term of five years for the stealing, said sentences to run concurrently. Execution of both sentences was suspended and Movant was placed on probation for a period of five years under supervision of the Missouri Board of Probation and Parole.

"Thereafter, on March 2, 1976, following an evidentiary hearing (held February 26, 1976) this Court found that Movant had violated certain terms and conditions of his probation. This Court filed written Findings of Fact and Reasons for Revoking Probation, ordered Movant's probation revoked and ordered that the sentences imposed June 6, 1975, be executed. Movant was thereafter delivered to the Division of Corrections to serve said sentences.

"In his motion to vacate, Movant first contends his pleas of guilty were involuntary because he had been threatened by the prosecutor 'with 40 years if he did not plead guilty', and that Movant believed he would receive forty years if he did not plead guilty. Movant alleges his lawyer told him to tell the Court no 'deals' or 'threats' had been made, otherwise Movant would receive

the 40 years. Movant says he plead guilty because of these threats.

"This contention is refuted by the transcript of the proceedings at which the guilty pleas were entered. After reading the charge of burglary in the second degree to Movant, the Court advised Movant as follows: 'The maximum punishment that could be inflicted on that charge is ten years in the penitentiary. Do you understand that?'

"Movant replied: 'Yes sir.'

"It is clear from the transcript that Movant could not have believed he would receive forty years because he understood that the maximum punishment for the offenses was ten years and five years, respectively.

"Movant next contends that he was denied effective assistance of counsel because counsel 'stood moot' at the time of sentencing and did not inform the Court that Movant had a serious drug problem, 'in which counsel could have pleaded for hospitalization.'

"The Court's minutes of June 6, 1975, show that the execution of the sentences was suspended conditioned on the acceptance of Movant into a drug rehabilitation program approved by the Court, and future good behavior. The order of probation contains a special condition that Movant was to go directly to Mid-Missouri Mental Health Center, Columbia, Missouri, for a period of 28 days.

"Thus, it is abundantly clear that the Court was well aware of Movant's alleged 'drug problems'.

"Movant's final contention is that he was 'driven into' his probation violations by the acts of his probation officer.

"As earlier noted, on February 26, 1976, an evidentiary hearing was held on the issue of whether defendant was in violation of the terms and conditions of his probation. At that time, probation officer Edward L. St. Clair was present, as was Movant. Movant was afforded the right of confrontation of officer St. Clair and Movant was afforded the right to offer evidence in his own behalf, and Movant did offer such evidence. The same contention was made at the revocation hearing and was resolved adversely to Movant. Moreover, matters relating to the legality of revocation of probation are not matters which come within the scope of a proceeding under Rule 27.26. *Green v. State* (Mo. banc 1973) 494 S.W.2d 356.

"The Court finds that all of Movant's contentions with respect to the circumstances of his guilty pleas are absolutely refuted by the transcript of the proceedings at the time the pleas were entered, and by the Court's minutes and records.

"The Court therefore finds that Movant's Motion to Vacate does not raise questions of law or issues of fact, and therefore no evidentiary hearing is required. *Bolden v. State* (St.L.App.1975) 530 S.W.2d 505.

"Because no evidentiary hearing is required, Movant is not entitled to appointment of counsel. *Duisen v. State* (Mo.1974) 504 S.W.2d 3.

"It is ORDERED that Movant's Motion to vacate and set aside his conviction and sentences in Case No. 75884–2 be, and the same is, hereby DENIED."

In this appeal appellant contends the lower court erred in summarily ruling his motion and avers an evidentiary hearing was required. He also claims the record does not support the trial court's finding his guilty pleas were voluntary and not coerced. Last, he says it was error for the court to summarily reject his allegation that his parole officer had driven him to probation violations.

■ Our Supreme Court en banc has stated the rule of review for the denial of an evidentiary hearing as follows:

". . . A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the

guilty plea hearing." *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), cert. denied, 420 U.S. 911,[1] 95 S.Ct. 832, 42 L.Ed.2d 841.

Here, even if it be assumed appellant's motion pleads facts, which, if true, would entitle him to review, the transcript of appellant's guilty pleas refutes his claims. It would serve no useful purpose to set out verbatim the court's interrogation of the appellant and his answers thereto. It is sufficient to note the following: the appellant advised the court he desired to withdraw his earlier not guilty pleas; the information was re-read and appellant advised of the maximum sentences of the two crimes; appellant had not been threatened or told to plead guilty; no promises or inducements had been made; no one had told appellant he would be granted suspended sentences, probation, or parole if he would plead guilty; he had no complaints about his attorney's representation and pleaded guilty because he in fact committed the crimes charged in the information.

The rule of *Smith v. State,* supra, is applicable and the trial court properly denied appellant's motion without an evidentiary hearing.

Appellant's reliance on *Burgin v. State,* 522 S.W.2d 159 (Mo.App.1975) is misplaced. *Burgin* pleaded he had been promised a two year sentence upon his guilty plea, received a fifteen year sentence, and had been instructed by his counsel to lie to the court on the question of promises inducing the plea. This case is not one of an alleged broken plea bargain and the misleading of a defendant by a "promise."

Appellant's averments concerning the revocation of his probation are beyond the scope of a Rule 27.26 proceeding. *Green v. State,* 494 S.W.2d 356 (Mo. banc 1973); *Whitlock v. State,* 538 S.W.2d 60 (Mo.App.1976).

The judgment is affirmed.

All concur.

1. See *Hogshooter v. State,* 514 S.W.2d 109 (Mo. App.1974), for evolution of the *Smith* rule.