**Ralph Barker CLARK, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38961.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 7, 1978.

---

**3.** The amount of attorney's fees is not in dispute.

William J. Shaw, Public Defender, Stephen C. Moore and Mary E. Fiser, Asst. Public Defenders, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Nanette K. Laughrey, John M. Morris, III, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

After an evidentiary hearing the court denied the motion of movant (hereafter "defendant") for post-conviction relief under Rule 27.26, VAMR. He has appealed.

Defendant pled guilty in 1971 to second-degree burglary. The court suspended imposition of sentence and placed him on probation. Thereafter, the court held a probation revocation hearing, revoked probation and sentenced defendant to ten years' imprisonment.

In defendant's Rule 27.26 motion he alleged: Ineffective assistance of counsel at the guilty-plea hearing, that his plea of guilty was not intelligently and voluntarily made and denial of due process at the probation revocation hearing. The court denied the motion but reduced the ten-year sentence to six years and again placed defendant on probation.

■ By his point II defendant contends he was denied due process when his probation was revoked. By his point relied on he abstractly claims error, without identifying any specifically challenged ruling or stating concisely wherein and why the court erred in denying him due process in revoking probation. The abstract point preserved nothing for review. Rule 84.04(d). *Thummel v. King*, 570 S.W.2d 679, Mo.Sup., 1978.

Even considering defendant's cited cases they do not help him. He cites *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Those cases are not in point since they concern parole revocation by an administrative, rather than a judicial body, as here.

■ Viewed as plain error, the point must be denied. See *Lett v. State*, 550 S.W.2d 899 [3] (Mo.App. 1977) holding: "Appellant's averments concerning the revocation of his probation are beyond the scope of a Rule 27.26 proceeding."

■ By his point I defendant contends the court erred in denying his motion to vacate the original judgment because of an involuntary plea. Movant's 27.26 motion, however, challenged his plea on another ground—that he was not informed of the elements of the crime. This point is raised here for the first time and therefore is not before us on appeal. See *Shoemake v. State*, 462 S.W.2d 772 [11–13] (Mo. banc 1971).

■ By his last point defendant alleges ineffective assistance of counsel. Not only is defendant's point relied on conclusory, but his evidence failed to show how a fuller investigation would have helped him. Denial of the point was not erroneous. Compare *Fritz v. State*, 524 S.W.2d 197 [1–3] (Mo.App. 1975).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.