Nichols J. ROMANO, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 81–2110.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1982.

Decided July 7, 1982.

Jordan B. Cherrick, St. Louis, Mo., for appellant.

John C. Reed, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, STEPHENSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Nichols J. Romano appeals from the District Court's[1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a reckless-driving conviction and a probation revocation which resulted in the reinstatement of a twenty-year sentence. Because petitioner would be entitled neither to release from custody nor to a shortening of his term of imprisonment even if his reckless-driving conviction were set aside, we affirm the dismissal of his petition. As to the probation revocation, state remedies remain to be exhausted before the federal courts may entertain petitioner's claims.

On November 15, 1976, Romano entered guilty pleas to two counts of an indictment charging him with the transfer and sale of a controlled substance. The Circuit Court of Laclede County, Missouri, sentenced him to two concurrent twenty-year terms of imprisonment but suspended execution of the sentence and placed him on five years' probation. On June 21, 1977, following notification that Romano had been charged with a criminal offense, the Circuit Court suspended probation and ordered his arrest. One of the conditions of probation was that Romano obey all state laws. A probation-revocation hearing was held on July 18,

1. The Hon. John F. Nangle, United States District Judge for the Eastern District of Missouri.

1977, probation was revoked, and Romano was sent to prison for the entire twenty-year term. Later, on October 12, 1977, the Circuit Court of Montgomery County, Missouri, found Romano guilty of reckless driving and fined him $100.

Romano first challenged the probation-revocation proceeding in the Circuit Court of Laclede County pursuant to Mo.R. Crim.P. 27.26 on March 28, 1980.[2] The court denied his petition, properly relying on *Lett v. State*, 550 S.W.2d 899 (Mo.App. 1977), for the proposition that Rule 27.26 provides a remedy for a prisoner who desires to attack a sentence but not a parole or probation revocation. A probation revocation can be challenged only through a habeas corpus petition. Thereafter Romano filed a habeas petition in the Cole County Circuit Court, the county where he is incarcerated. That court, apparently incorrectly, dismissed the petition and instructed Romano to file a 27.26 motion in Laclede County, where he had been convicted and sentenced. Romano thereafter filed a "Motion for Reconsideration" in the Laclede County Circuit Court. It was denied on August 27, 1980. He filed an appeal to the Court of Appeals of Missouri, but it too was dismissed.

Romano also filed a petition for writ of error coram nobis, challenging the constitutionality of the reckless-driving conviction, on April 14, 1980. He exhausted state remedies without success and then filed this habeas corpus petition with the federal district court. It was dismissed for want of jurisdiction.

■ On appeal Romano challenges the reckless-driving conviction on the grounds that in violation of the Sixth and Fourteenth Amendments (1) he was denied effective counsel, (2) insufficient evidence was produced at trial, and (3) he was denied the opportunity to confront witnesses. We agree with the District Court that we lack jurisdiction to address this claim. Romano is not in jail because of the driving conviction, but because his probation was revoked. The revocation was based on the fact of reckless driving, not on the later conviction. It is axiomatic that federal habeas corpus relief is available to one only if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The driving conviction took place in October, three months after the probation-revocation hearing. Setting it aside would have no effect on the reinstatement of the twenty-year sentence for a drug offense. See *Steinberg v. Police Court of Albany, New York*, 610 F.2d 449 (6th Cir. 1979).

■ Romano next contends that the Circuit Court of Laclede County acted unconstitutionally when it revoked his probation and reinstated the twenty-year sentence. This argument was not made in the District Court. We must dismiss this claim without prejudice for failure to exhaust available state remedies.[3] Romano's habeas

---

2. The rule provides:

  A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same.

3. Although Romano presents this Court with a petition containing both exhausted and unexhausted claims, it need not be dismissed in its entirety for failure to exhaust under *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71

L.Ed.2d 379 (1982). *Rose* adopted a total-exhaustion rule, requiring district courts to dismiss habeas petitions containing such mixed claims. Romano did not, however, raise the probation-revocation issue in his petition to the District Court. The District Court addressed a petition containing only claims which had been fully exhausted in the state courts. We think the *Lundy* rule should not be applied mechanically in this situation. Vacating the District Court's determination in those circumstances would provide prisoners with the opportunity to relitigate an issue before the District Court by merely adding a claim on appeal, getting the entire petition dismissed, and once again going through the state courts. This would be a great waste of time and effort and cannot be what *Rose* intended. See also *Dunn v. Wyrick*, 679 F.2d 731 (8th Cir. 1982) (total-exhaustion

petition to the Cole County Circuit Court was denied, and under Missouri law that action may not be appealed, but he may still obtain relief by filing a petition for habeas corpus in a Missouri appellate court. *State v. Dodson*, 556 S.W.2d 938, 945 (Mo.App. 1977). Once he has exhausted available state remedies he can of course turn to the federal courts. We are not unmindful that in the past the state courts have given Romano incorrect instructions and little guidance on how to contest the probation revocation. We are nevertheless reluctant to proceed where state remedies remain. The policy of exhaustion is strong, and we should not review a state court's judgment until it is fully satisfied. Romano should file a habeas petition either with the Court of Appeals of Missouri or the Supreme Court. (We think he should not be required to do both.) If this petition is rejected, he may then return to the federal district court and challenge his probation revocation in a new habeas petition.

Affirmed.

rule inapplicable where the exhausted claims were fully litigated and decided in the district court prior to the *Rose* decision).