**Ed FLETCHER, Petitioner,**

v.

**William ARMONTROUT, Respondent.**

**No. 89–0435–CV–W–JWO.**

United States District Court,
W.D. Missouri, W.D.

Nov. 13, 1989.

Ed Fletcher, Jefferson City, Mo., pro se.

William Webster, Atty. Gen., State of Mo. and Jared R. Cone, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF MISSOURI

JOHN W. OLIVER, Senior District Judge.

This Court having encountered important questions of Missouri law that are relevant to the determination of the above-entitled cause and it appearing to this Court that there is no controlling precedent in this state, this Court hereby certifies the questions hereinafter stated to the Supreme Court of Missouri pursuant to § A (Section 2) of the new Missouri certification statute (S.B. 127 et al, 1989 Mo.Legis.Service 159 (Vernon) at page 1037) (hereinafter "the Act").

The statement of all facts relevant to the questions certified, as required by Section 2 of the Act, is set forth in this Court's memorandum opinion and the appendices attached thereto and filed this day, a copy of which is attached to this order, all of which is incorporated in this order by this reference. The nature of the controversy in which the questions arose is also stated in this Court's memorandum opinion and appendices attached thereto.

The questions certified are questions that relate directly to the construction that should be given to Missouri Rule 29.15 and to this Court's exercise of the habeas corpus jurisdiction conferred on it by 28 U.S.C. § 2254(a) which turns on the question of whether, under Missouri law, the petitioner may have an available state postconviction corrective process or procedure within the meaning of 28 U.S.C. § 2254(b) and (c) at the time he filed his petition for federal habeas corpus that the petitioner should be required to exhaust before this Court should exercise the habeas corpus jurisdiction conferred by the Congress pursuant to 28 U.S.C. § 2254(a).

Questions Certified

1. Whether Missouri Rule 29.15 may be construed in a manner that would not pre-

clude either a circuit court of Missouri or an appellate court of Missouri from exercising the habeas corpus jurisdiction conferred on those courts by the Constitution of Missouri and thus moot the questions of Missouri constitutional law stated in questions 2 and 3 of this certification order? If this preliminary question is answered in the affirmative, state how Missouri Rule 29.15 may be so construed.

2. Whether the prohibition against the suspension of privilege of habeas corpus contained in Art. 1, § 12 of the Bill of Rights of the Constitution of Missouri required the Circuit Court of Cole County, Missouri to hear and determine the merits of the two Rule 91 petitions for habeas corpus filed in that court by exercising the jurisdiction conferred on a circuit court of this state by Art. 5, § 14 of the Missouri Constitution, to issue and determine original remedial writs?

3. Whether, in light of the Circuit Court of Cole County's summary dismissal of petitioner's two Rule 91 petitions for habeas corpus without a hearing and without a determination of the merits of the state and federal postconviction claims alleged in that petition, did the prohibition against the suspension of the privilege of the writ of habeas corpus contained in Art. 1, § 4 of the Bill of Rights of the Constitution of Missouri, provide the petitioner with an available state postconviction remedy within the meaning of 28 U.S.C. § 2254(b) and (c) at the time he filed his petition for federal habeas corpus in that he had the right at that time and he presently has the right to invoke the jurisdiction conferred on the Supreme Court of Missouri and the Missouri courts of appeal by Art. 5, § 4 of the Constitution of Missouri to issue and determine original remedial writs by filing a new Rule 91 petition for habeas corpus in either or both of those state appellate courts?

### Certification of Judge

This certification order has been prepared and signed by a Judge of the United States District Court for the Western District of Missouri, the certifying court in which the above-captioned case is pending.

An order has been entered directing the Clerk of this Court to forward seven (7) copies of this certification order together with this Court's memorandum opinion and the appendices attached thereto and made a part thereof by reference to the Supreme Court of Missouri under the official seal of this Court.

### MEMORANDUM AND ORDERS CERTIFYING QUESTIONS OF MISSOURI LAW TO THE SUPREME COURT OF MISSOURI

This state prisoner habeas corpus case, filed pursuant to 28 U.S.C. § 2254(a), presents the important questions of Missouri law that relate to the construction that should be given Missouri Rule 29.15 and to whether the petitioner had any available postconviction state correction process or procedure within the meaning of 28 U.S.C. § 2254(b) and (c) at the time he filed his petition for federal habeas corpus that the petitioner should be required to exhaust before this Court exercises the jurisdiction conferred on it by 28 U.S.C. § 2254(a). The answer to the latter question turns on the additional questions of Missouri law as to (1) whether, in light of the prohibition against the suspension of the privilege of the writ of habeas corpus set forth in Art. 1, § 12 of the Bill of Rights of the Constitution of Missouri, a circuit court of Missouri is vested with power to hear and determine a Missouri Rule 91 petition for habeas corpus that seeks to invoke the habeas corpus jurisdiction conferred on such a court by Art. 5, § 14 of the Constitution of Missouri and, (2) whether in the event a petitioner's Missouri Rule 91 petition for habeas corpus is denied by a circuit court, the prohibition against the suspension of the privilege of the writ of habeas corpus set forth in Art. 1, § 12 of the Bill of Rights of the Constitution of Missouri requires a holding that the Supreme Court of Missouri and the Missouri courts of appeal would then be vested with power to hear and determine a Missouri Rule 91 petition for habeas corpus that seeks to invoke the habeas corpus jurisdiction conferred on the appellate

courts of Missouri by Art. 5, § 4 of the Constitution of Missouri.[1]

Because it appears after appropriate consultation with the other judges of this Court [2] that there is no controlling precedent in this state in regard to the questions of Missouri law that control the exhaustion question presented by petitioner's attempt to invoke the habeas corpus jurisdiction conferred on this Court by 28 U.S.C. § 2254(a), an order will be entered that will certify the relevant questions of Missouri law to the Supreme Court of Missouri for its answer pursuant to Missouri's new certification statute.[3]

In addition, a preliminary question suggested by Judge Sachs concerning how Rule 29.15 should be construed is also certified for answer by the Supreme Court of Missouri for the reasons stated in part II-E of this memorandum opinion. *See* page 1082 of this memorandum opinion.

I

In accordance with the statutory mandate of Missouri's new certification statute, this memorandum opinion will set forth all of the facts relevant to the questions that will be certified and will state the nature of the controversy in which those questions

arose. We will also state why it appears to this Court that there is no controlling precedent in this state in regard to the certified questions.

II

A.

This Court's memorandum and orders directing further proceedings filed September 26, 1989 and the respondent's supplemental response filed October 11, 1989 pursuant to the orders entered on September 26, 1989 adequately show the nature of the controversy in which the certified questions arose.[4] A copy of this Court's September 26, 1989 memorandum and orders directing further proceedings is therefore attached hereto as Appendix A. A copy of the respondent's supplemental response is attached as Appendix B.

Order (2) entered September 26, 1989 pursuant to Rule 7 of the Rules Governing Section 2254 cases, required the respondent to produce and file accurate copies of all relevant state court records that would reflect the filing and processing of the Rule 91 petitions for habeas corpus allegedly filed by the petitioner in the Circuit Court of McDonald County, Missouri and in the

1. Art. 1, § 12, Mo. Const., provides that "the privilege of the writ of habeas corpus shall never be suspended." Art. 5, § 4 Mo. Const. (as amended), provides that "[t]he supreme court and districts of the court of appeals may issue and determine original remedial writs." Art. 5, § 14, Mo. Const. (as amended), provides that the circuit courts of Missouri "may issue and determine original remedial writs." Missouri Rule 91.01 provides that: "Any person restrained of his liberty within this state may petition for a writ of habeas corpus. . . ." A writ of habeas corpus is considered to be an "original remedial writ" within the meaning of the Constitution of Missouri. *See Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo.1976) (en banc).

2. A draft of this memorandum opinion and the appendices attached thereto was circulated among the active and senior judges of this Court in the same manner and for the same reason that the draft of the memorandum opinion and the attached appendices in *Richardson v. Miller,* 716 F.Supp. 1246 (W.D.Mo.1989), was circulated. *See* 716 F.Supp. at 1259.

3. Section A (section 2) of S.B. 127 et al, 1989 Mo.Legis.Service 159 (Vernon), provides that the "Missouri supreme court may answer ques-

tions of Missouri law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court or a United States Bankruptcy Court if there are involved in any proceeding before the certifying court questions of Missouri law which may be relevant to the cause then pending and as to which it appears to the certifying court there is no controlling precedent in this state." *Id.* at 1037. Section 2 of that statute provides in part that a "certification order issued under this section shall set forth the questions of law to be answered and a statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose." *Id.*

4. If the Supreme Court of Missouri is of the opinion that "the original or copies of all or of any portion of the record before the certifying court . . . may be necessary to answer the [certified] questions," that data will be promptly forwarded to that court upon its request, as contemplated by Section 2 of the new certification statute.

Circuit Court of Cole County, Missouri. Appendix A at 6. The record shows that respondent complied with Order (2) by filing Exhibit G, which reflects the Rule 91 habeas corpus proceedings in the Circuit Court of McDonald County and Exhibit H which reflects the habeas corpus proceedings in the Circuit Court of Cole County, Missouri.

It is necessary that we summarize the facts established by those two exhibits for the reason the respondent's supplemental response made no reference whatsoever to either exhibit.[5]

### B.

Exhibit G establishes that the petitioner filed a *pro se* Rule 91 petition for writ of habeas corpus in the Circuit Court of McDonald County, Missouri on November 10, 1988. The petitioner alleged that he was presently serving a sentence of 90 years for one count of kidnapping and five counts of sodomy in violation of Section 565.110 and 566.060 R.S.Mo., imposed by the Circuit Court of McDonald County, Missouri on November 16, 1984 (case number CR184–11FX) by the Honorable George Henry, Judge; that he appealed his conviction and sentence; that his conviction and sentence was affirmed on April 28, 1986 (*see State v. Fletcher*, 709 S.W.2d 924 (Mo. App.1986)); and that he was presently confined in the Missouri State Penitentiary at Jefferson City, Missouri.

Petitioner's Rule 91 *pro se* petition for a writ of habeas corpus was 19 pages in length. In 17 of 48 paragraphs of that petition, lettered A through Q, inclusive, and set forth in a part of the petition labeled "Allegations," the petitioner alleged that he was unlawfully confined in the Missouri State Penitentiary under a conviction and sentence obtained in alleged violation of petitioner's rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.[6]

There can be no doubt that petitioner attempted to invoke the constitutional jurisdiction conferred on a circuit court of Missouri by Art. 5, § 14(a) of the Constitution of Missouri. For the first sentence of petitioner's state petition for writ of habeas corpus expressly alleged: "Comes the petitioner Ed Fletcher and moves this Court pursuant to Missouri Supreme Court Rule 91 to issue a writ of habeas corpus."

Exhibit G shows that on November 15, 1988 Judge George Henry of the Circuit Court of McDonald County initialed a docket sheet entry made that day which stated: "Petition for writ of Habaes [sic] Corpus considered. Application to proceed as a poor person granted. Order to show cause why writ should not be issued entered, with answer thereto to be made not later than three days after service of the petition and order to show case. GH."

Exhibit G contains a copy of the formal order to show cause entered November 15, 1988 addressed to "Bill Armontrout, Warden." That formal order to show cause was

5. Respondent's supplemental response did no more than reiterate a number of untenable legal contentions heretofore rejected by this Court in support of respondent's request that this Court reconsider Order (1) entered September 26, 1989. That order denied respondent's motion to dismiss the pending petition for federal habeas corpus without further judicial proceedings. Respondent's request for reconsideration of Order (1) entered September 26, 1989 should be and is hereby denied.

6. Respondent's production of Exhibit G establishes that petitioner's first petition for federal habeas corpus filed as No. 89–0269–CV–W–JWO on March 20, 1989, was simply a Xerox copy of all except the opening and closing paragraphs of the petition filed in the Circuit Court of McDonald County. We dismissed that petition without prejudice pursuant to Rule 2 of the Rules Governing Section 2254 Cases for the reason that it was obvious that many of the claims alleged, if true, would not constitute a violation of any federal constitutional right. *See* Appendix A at 1. Petitioner's pending petition for federal habeas corpus alleges only three grounds for federal habeas corpus relief: (1) a Sixth Amendment claim of ineffective assistance of counsel, (2) a Fourteenth Amendment claim of denial of due process and equal protection, and (3) a Fifth Amendment claim of double jeopardy. We, of course, intimate no view in regard to the merits of any of those pending alleged claims other than to state that if petitioner is able to establish that the allegations of his federal claim are true, he would be entitled to habeas corpus relief.

expressly issued "pursuant to S.C.Rule 91.-05"[7] and required the respondent "to show cause not later than three days after service of this Show Cause Order upon you, why the requested writ of Habeas Corpus should not be granted."

Exhibit G further shows that the Rule 91.05 order to show cause was served on the respondent on November 18, 1988 and that on November 28, 1988 the respondent filed a "motion to quash petition for writ of habeas corpus." The two grounds on which the respondent's motion to quash the petitioner's Rule 91 petition for habeas corpus filed in the Circuit Court of McDonald County was based must be stated for the reason that Exhibit H establishes that the petitioner later forwarded a copy of that motion to the Circuit Court of Cole County under circumstances that will be stated later.

Respondent's motion to quash filed in the Circuit Court of McDonald County alleged the following two grounds in support of that motion:

1. Plaintiff's petition consists of an attack on the judgment and sentence underlying his incarceration. Such allegations may be raised only by direct appeal or motion under Missouri Supreme Court Rule 29.15 (formerly 27.26). *Wigglesworth [sic] v. Wyrick,* 531 S.W.2d 713, 722 (Mo. banc 1976); *Ex parte Dixon,* [330 Mo. 652] 52 S.W.2d 181, 182 (Mo. 1932). A petition for habeas corpus should be denied when the petitioner seeks relief that may be obtained on direct appeal or is encompassed by Rule 29.15.

2. Venue in the Circuit Court of McDonald County is improper. Rule 91.02. A petition for writ of habeas corpus to inquire into the legality of incarceration must, in the first instance, be to the circuit judge or associate circuit judge in the county in which the petitioner is held in custody. *Id.* Petitioner claims to be confined in Jefferson City, Missouri. Venue for this petition, ... is in Cole County, Missouri.

Exhibit G.

Exhibit G shows that a docket sheet entry was made in the Circuit Court of McDonald County on November 28, 1988 which stated: "Motion to quash petition for writ of habaes [sic] corpus considered. Application for writ of habaes [sic] corpus denied." Although no formal order was entered, the petitioner was advised of the action of the court by a letter from the clerk of that court. Nothing in Exhibit G, however, shows the ground upon which the Circuit Court of McDonald County based its action.

There can be no doubt that petitioner's Rule 91 petition for habeas corpus filed in the Circuit Court of McDonald County was subject to dismissal without prejudice on the venue ground alleged as the second ground in support of the respondent's motion to quash. For Missouri Rule 91.02 clearly required petitioner to file his petition for habeas corpus in the Circuit Court of Cole County—"the county in which the person is held in custody."[8]

If, on the other hand, the Circuit Court of McDonald County based its denial of petitioner's Rule 91 petition for habeas corpus on the first ground alleged in respondent's motion to quash, such action would present the same question of Missouri law that is presented in regard to the summary manner in which the Circuit Court of Cole County disposed of the two Rule 91 peti-

---

7. Missouri Supreme Court Rule 91.05 provides that: "A court to which a petition for a writ of habeas corpus is presented shall forthwith grant the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the petition that the person restrained is not entitled thereto." The Committee Note to Rule 91.05 stated: "Compare 28 U.S.C. Section 2243." That comparison establishes that when the Supreme Court of Missouri promulgated Rule 91.05, it adopted the substance of 28 U.S.C. § 2243.

8. Missouri Rule 91.02 expressly provides in part that: "When a person who is held in custody on a charge of crime seeks the benefit of this Rule 91, his petition in the first instance, unless good cause is shown for filing the petition in a higher court, shall be to a circuit judge or associate circuit judge for the county in which the person is held in custody, if at the time of the petition such judge be in the county."

tions for habeas corpus that petitioner later filed in that court.

It is therefore appropriate that this Court state in the next part of this memorandum opinion the reasons why it cannot view either of two cases relied on by the respondent in support of the first ground of motion to quash as stating a controlling precedent of Missouri law that can be said to support either a dismissal or a denial of a Rule 91 petition for habeas corpus.

### C.

The respondent relied solely on *Wiglesworth v. Wyrick*, 531 S.W.2d 713, 722 (Mo. banc 1976), and *Ex parte Dixon*, 52 S.W.2d 181, 182 (Mo.1932), to support the contention made in the motion to quash that the claims alleged in the petitioner's Rule 91 petition for habeas corpus "may be raised only by direct appeal or motion under Rule 29.15 (formerly 27.26)," and the contention that a Missouri Rule 91 "petition for habeas corpus should be denied when the petitioner seeks relief that may be obtained on direct appeal or is encompassed by Rule 29.15."

Although the respondent did not cite and does not rely on either of those cases to support the arguments made in the supplemental response filed in this Court, it is appropriate that we briefly reiterate this Court's view that neither of those cases may properly be considered as a controlling precedent of Missouri law that can be said to provide the answers to the questions that are certified to the Supreme Court of Missouri.

### D.

*Wiglesworth* presented two questions of Missouri constitutional law: (1) "Is Rule 27.26 unconstitutional as a suspension of the writ of habeas corpus in violation of Art. I, § 12, Mo. Const.?" (531 S.W.2d at 716) and (2) "Does Rule 27.26 violate Art. V, § 4, Mo. Const.?" *Id.* at 721.[9]

The postconviction remedy made available to a "prisoner in custody" under repealed Rule 27.26 was promulgated as a procedural substitution for a habeas corpus proceeding and modeled on 28 U.S.C. § 2255. Rule 27.26 provided an entirely different state postconviction remedy than that made available to a "person convicted of a felony" under Rule 29.15. Rule 27.-26(a) expressly provided that this "Rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights." Rule 27.26 also expressly provided that the nature of the postconviction remedy provided by that rule "includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus." 531 S.W.2d at 715.

Rule 29.15(b) on the other hand, and in sharp contrast with repealed Rule 27.26, limits the availability of the postconviction remedy provided by that rule to a maximum period of ninety days. That rule further provides that a "[f]ailure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15."

It is thus clear that repealed Rule 27.26 was promulgated for the express purpose of providing a postconviction procedure that would include "all relief heretofore available in any court by habeas corpus." The Rule 27.26 procedure substituted for habeas corpus, consistent with long-standing habeas corpus procedure, contained no time limitation within which a Rule 27.26 motion could be filed by a prisoner seeking postconviction relief.

The Supreme Court of Missouri has not in any way indicated that its promulgation of Rule 24.035 and Rule 29.15 should be considered as a repeal of Rule 91. Indeed, the Supreme Court of Missouri's addition

---

**9.** At the time *Wiglesworth* was decided, Art. I, § 12, Mo. Const. provided "that the privilege of the writ of habeas corpus shall never be suspended". At that time Art. V, § 4, Mo. Const.

provided that "[t]he supreme court, courts of appeals, and circuit courts * * * may issue and determine original remedial writs."

of a sentence to the 1983 Committee Note to Rule 91.01 indicates that it may not have had any such intention. For on February 20, 1987, ten days after Rule 27.26 was repealed and Rules 24.035 and 29.15 were promulgated, all effective January 1, 1988, the Supreme Court of Missouri added the following sentence to the 1983 Committee Note to Rule 91.01: "See Rule 24.035 and Rule 29.15 for the exclusive remedy *in certain situations.*" (Emphasis added). This Court knows of no controlling precedent in this State that may reasonably be said to define the "certain situations" in which Rule 91 may still be considered an available state postconviction remedy.

### E.

■ Judge Sachs has appropriately suggested that the Supreme Court of Missouri could conceivably construe Rule 29.15 in a manner that would obviate any necessity that would require it to reach any question of Missouri constitutional law. His suggestion was prompted by the inconsistent position stated by the Attorney General in regard to *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989), in a habeas case that pends in his division of this Court and the position that the Attorney General had earlier stated in regard to *Day v. State* in the supplemental response filed in this case.

As will be noted in part III of this memorandum opinion, the Attorney General's supplemental response filed in this case on October 11, 1989 stated that "the Supreme Court of Missouri, in *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989), rejected the contention that the Missouri Supreme Court Rule 29.15 violates Art. 1, § 12 of the Missouri Constitution...." *Id.* at 1076 –77. On October 13, 1989, however, the Attorney General filed a supplemental response in *Evans v. Kemna,* No. 89–0564–CV–W–6–P, that pends before Judge Sachs.

Although the Attorney General suggested in his most recently filed supplemental response in *Evans* that this Court should consider the construction given Rule 29.15 in *Day v. State,* he conceded that the "Missouri Supreme Court has not addressed the issue of the availability of state habeas relief since Rule 29.15 was enacted." Supp.Response in *Evans* at 3.

The supplemental responses filed in *Evans* and in this case are also inconsistent in regard to the positions taken by the Attorney General in regard to *Wiglesworth.* Although the Attorney General relied on *Wiglesworth* to support the motion to quash filed in the Circuit Court of McDonald County, that case was not even cited in the supplemental response filed in this case.

In the supplemental response filed in *Evans,* however, the Attorney General stated that *Wiglesworth* "held that state habeas was not an available remedy for challenging the constitutionality of judgment and sentence" to support an argument that the rationale of that case should be applied in *Evans. Id.* That argument was based on the contention that "Rule 29.15(a) essentially provides that same coverage which was contained in Rule 27.26(a)" and on the additional contention that the "new rule was merely implemented to correct the problem of delays which developed under Rule 27.-26." [10] *Id.*

In light of the construction placed on Rule 29.15 by the Attorney General in the supplemental response filed in *Evans,* Judge Sachs has given consideration to whether the Supreme Court of Missouri's addition of the above quoted sentence to the 1983 Committee Note to Rule 91.01 may indicate that the Supreme Court of Missouri may have intended that neither Rule 24.035 nor Rule 29.15 should be construed in a manner that could be said to violate the prohibition against the suspen-

---

**10.** The Attorney General also directed Judge Sachs' attention in *Evans* to the admonition in *Barks v. Armontrout,* 872 F.2d 237 (8th Cir. 1989), which stated that "[u]ntil the highest court of the state tells us otherwise, we have no reason not to heed the position of the attorney general of the state" to support an argument that this Court should accept the position stated

by the Attorney General in the supplemental response filed in *Evans.* The fact that the Attorney General has stated inconsistent positions in the supplemental response filed in *Evans* and in this case underlines the reasons why this Court concluded that it should utilize the provisions of Missouri's new certification statute.

sion of the privilege of writ of habeas set forth in Art. 1, § 12 of the Bill of Rights of the Constitution of Missouri.

In accordance with that suggestion, this Court will certify to the Supreme Court of Missouri the preliminary question of whether Rule 29.15 may and should be construed in a manner that would not preclude either a circuit court of Missouri or an appellate court of Missouri from exercising the habeas corpus jurisdiction conferred on those courts by the Constitution of Missouri.

This Court, of course, would be bound by the construction that the Supreme Court of Missouri may place on Rule 29.15. And should the Supreme Court of Missouri place a construction on Rule 29.15 that would not preclude a prisoner from invoking the habeas corpus jurisdiction conferred on the circuit and appellate courts of Missouri by the Constitution of Missouri, for the purpose of obtaining a full and fair hearing and determination of the merits of his federal constitutional claims, the other two questions certified in this Court's certification order would be moot. For under such a construction of Rule 29.15, a prisoner would have an available state postconviction remedy under that rule at the time he might attempt to obtain federal habeas corpus relief by filing a petition for federal habeas corpus that would be the substantial equivalent of the state postconviction remedy formerly provided by repealed Rule 27.26. Section 2254(b) and (c) would require exhaustion of such an available state postconviction remedy before it would exer-

cise the habeas corpus jurisdiction conferred by 28 U.S.C. § 2254(a).

### F.

It is not necessary that we repeat in any detail what we said about *Wiglesworth* in Appendix D entitled Juridical History of the Supreme Court of Missouri's Construction and Application of Rule 27.26 in *Richardson v. Miller*, 716 F.Supp. at 1278–1283.[11] Nor is it necessary that we repeat in any detail what we said about that case in our September 26, 1989 memorandum opinion attached hereto as Appendix A. We incorporate what we there said about *Wiglesworth* by this reference.[12]

As stated in those appendices, *Wiglesworth* relied primarily on the construction given Section 2255 of Title 28, United States Code in *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952), to support the conclusion that Rule 27.26 was not unconstitutional as a suspension of the writ of habeas corpus in violation of Art. 1, § 12, Mo. Const., for the reasons that the postconviction procedures provided in both Section 2255 and Rule 27.26 protected and preserved all of the substantive rights that were formerly accorded a prisoner in custody in a habeas corpus proceeding.

This Court is thus unable to read *Wiglesworth* as a controlling precedent that could be said to support the first ground alleged in respondent's motion to quash filed in the Circuit Court of McDonald County. Nor can it read *Ex parte Dixon* as a controlling precedent for reasons that will now be stated.

---

**11.** Footnote 9 on page 1282 of that Appendix D of *Richardson* has been corrected before publication in the bound volumes to reflect a deletion of the last sentence of that footnote and the substitution of a new sentence that will read: "Jurisdiction to 'issue and determine original remedial writs' is presently vested in the circuit courts of Missouri by Art. 5, § 14(a) of the current Constitution of Missouri."

**12.** It is appropriate to add that the late Judge James A. Finch, Jr., one of the principal authors of amended Rule 27.26, pointed out in his paper entitled *Post Conviction Proceedings Under Missouri Supreme Court Rule 27.26*, 50 F.R.D. 437, 439 (1970), that while amended Rule 27.26 was "intended to provide the exclusive procedure

which shall be followed when a prisoner in custody seeks relief on the basis of any of the kinds of attacks enumerated in the rule," that rule was promulgated in a form that "does not suspend rights available by habeas corpus." *Id.* He stated that the problem that the Supreme Court of Missouri recognized when it amended Rule 27.26 was "to provide an expeditious remedy without violating constitutional provisions against suspending the writ of habeas corpus, and that this is accomplished by providing a single remedy which does not restrict the prisoner's right of collateral attack but simply prescribes the procedures to be employed in pursuing that remedy."

## G.

The respondent's local citation of page 182 of the Supreme Court of Missouri's 1932 decision in *Ex parte Dixon* reported in 52 S.W.2d in the motion to quash was apparently intended to direct the attention of the Circuit Court of McDonald County to what the Supreme Court of the United States said in *Gaines v. State of Washington*, 277 U.S. 81, 85, 48 S.Ct. 468, 469, 72 L.Ed. 793 (1928): " 'It has been well settled for years that the first ten amendments apply only to the procedure and trial of causes in the federal courts, and are not limitations upon those in state courts. *Spies v. Illinois*, 123 U.S. 131, 136, 166, 8 S.Ct. 22 [24], 31 L.Ed. 80, and cases cited.' " [13] 52 S.W.2d at 182.

*Spies v. Illinois* was cited in *Gaines* to support the conclusion later stated in *Betts v. Brady*, 316 U.S. 455, 461, 62 S.Ct. 1252, 1255, 86 L.Ed. 1595 (1942), which held that the "Sixth Amendment of the national Constitution applies only to trials in federal courts." *Betts v. Brady*, however, was expressly overruled by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), handed down the same day that the habeas corpus trilogy of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)), was decided.

*Gideon* and numerous other familiar cases establish that what was said in *Spies v. Illinois*, as quoted in *Ex parte Dixon*, is no longer the law of the land. We therefore conclude that *Ex parte Dixon* may not be considered as a controlling precedent of the Supreme Court of Missouri.

We have discussed the two grounds relied on by the respondent in the motion to quash filed in the Circuit Court of McDonald County in substantial detail for the reason that the Circuit Court of Cole County apparently relied on the first ground alleged in that motion when it refused to process two Rule 91 petitions for habeas corpus filed by the petitioner in that court after the Circuit Court of McDonald County entered its order denying the Rule 91 petition for habeas corpus petition that the petitioner had filed in that court. We turn now to the factual circumstances in regard to the Cole County proceedings.

## H.

Exhibit H reflects the summary manner in which petitioner's two Rule 91 petitions for habeas corpus were processed in the Circuit Court of Cole County, Missouri. That exhibit shows that on December 5, 1988 petitioner filed an exact copy of the Rule 91 petition for habeas corpus that he had earlier filed in the Circuit Court of McDonald County, changing only the caption to reflect that his Rule 91 petition for habeas corpus was being filed in the Circuit Court of Cole County.

Exhibit H shows that contrary to the procedure followed in the Circuit Court of McDonald County, the Circuit Court of Cole County did not issue an order to show cause pursuant to Rule 91.02 as did the Circuit Court of McDonald County. Rather, on December 6, 1988, the day after the Rule 91 petition was filed, Judge James McHenry of the Circuit Court of Cole County, entered an order, sua sponte, that stated: "Petition for Writ of Habeas Corpus denied for the reason that it appears to seek relief under Rule 29.15, a matter over which this court has no jurisdiction." [14]

---

13. It is remotely conceivable that the respondent may have intended to direct attention to that portion of *Ex parte Dixon* that stated: "It is a general rule that the writ of habeas corpus does not perform the office or function of an appeal or a writ of error. It is an original proceeding in which judgments are not liable to collateral attack." *Id.* at 182. If so, the respondent's contention is untenable in light of the Supreme Court of the United States' 1945 decision in *Williams v. Kaiser*, 323 U.S. 471, 65 S.Ct.

363, 89 L.Ed. 398 (1945), and *Tomkins v. Missouri*, 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407 (1945). For a full discussion of those cases see part IV, C and D, of *Richardson*, 716 F.Supp. at 1254–56.

14. The entry of this December 6, 1988 order was in the pattern of summary disposition followed by the Supreme Court of Missouri in *Williams v. Kaiser*, 323 U.S. 471, 473, 65 S.Ct. 363, 365, 89 L.Ed. 398 (1945). For in that case, as in this, the "petition for *habeas corpus* was denied with-

The notation "cc: Ed Fletcher" on the December 6, 1988 order indicates that a copy of that order was forwarded to the petitioner.

Petitioner must have learned of the entry of the December 6, 1988 order because Exhibit H shows that on January 3, 1989 the petitioner wrote the Clerk of the Circuit Court of Cole County a letter that stated:

> Enclosed please find for filing a petition for Writ of Habeas Corpus and attached in forma pauperis affidavit. *Further, please find a motion filed by the attorney generals office which should accompany the petition when it is presented to the Judge for consideration.* (Emphasis added).

Exh. H at 30. The Rule 91 petition for writ of habeas corpus transmitted in that letter was an exact copy of the Rule 91 petition that petitioner had earlier filed in the Circuit Court of Cole County on December 5, 1988. The "motion filed by the attorney generals office" transmitted in petitioner's January 3, 1989 letter was a copy of the respondent's motion to quash petition for writ of habeas corpus that had been filed in the Circuit Court of McDonald County on November 28, 1988.[15]

A longhand notation on petitioner's January 3, 1989 letter inquired: "Should this be filed." Exhibit H establishes that both petitioner's second Rule 91 petition for habeas corpus and the copy of respondent's motion to quash filed in the Circuit Court of McDonald County were in fact filed in the Circuit Court of Cole County on January 10, 1989. On January 25, 1989, however, Judge James McHenry of that court entered an order that stated:

> Petitioner permitted to proceed in forma pauperis; the petition is dismissed, how-

ever, in that it appears to sound in the nature of a motion under Rule 29.15.[16]

A letter from the Clerk of the Circuit Court of Cole County to petitioner dated February 9, 1989, copy of which is included in Exhibit H, shows that the petitioner attempted to file a notice of appeal to the Missouri Court of Appeals, Western District. That letter advised the petitioner that:

> We are in receipt of your notice of appeal form, however, the Missouri Court of Appeals will not accept the copy of the form as it does not contain the information that is on the back of the form.
>
> Enclosed is a Notice of Appeal form along with a Civil Case Information Form Supplement. Please complete the enclosed forms and return to this office along with the filing fee of $50.00 or a forma pauperis affidavit.

Exhibit H shows that petitioner complied with the instructions contained in the Clerk's February 9, 1989 letter by forwarding a second notice of appeal dated February 21, 1989 together with a completed form of the Civil Case Information Form Supplement and an in forma pauperis affidavit. Although petitioner's notice of appeal was stamped "filed" by the Clerk on February 24, 1989, that stamp mark was crossed out in ink.

The record is clear, however, that petitioner's notice of appeal was never filed by the Clerk of the Circuit Court of Cole County. For that clerk wrote the petitioner a letter dated February 24, 1989 in which she stated:

> We have been advised by the Judges of this court that there is no appeal on a Habeas Corpus.

---

out requiring the State to answer or without giving petitioner an opportunity to prove his allegations." The same pattern was followed in *Tomkins v. Missouri,* 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407 (1945). *Id.* at 486–87, 65 S.Ct. at 371–72.

**15.** Petitioner's decision to file a second Rule 91 petition for habeas corpus in the Circuit Court of Cole County and his transmittal of a copy of the respondent's motion to quash that had been filed in the McDonald County habeas corpus

proceeding was apparently based on petitioner's assumption that Judge George Henry of the Circuit Court of McDonald County's denial of the Rule 91 petition for habeas corpus had been based on the second ground alleged in that motion and that venue was indeed vested in the Circuit Court of Cole County rather than in the Circuit Court of McDonald County.

**16.** That order carried a notation "cc: Ed Fletcher [and] Attorney General."

However, since your petition for Habeas Corpus has been denied by this court, you can now file your petition in Federal Court.

The advice relayed by the Clerk's February 24, 1989 letter that "there is no appeal on a Habeas Corpus" was, of course, accurate. Petitioner, however, was erroneously advised that "since your petition for Habeas Corpus has been denied by this court, you can now file your petition in Federal Court."[17]

The Clerk's advice that the petitioner could immediately "file [his] petition in Federal Court" was apparently based on the notion that the petitioner did not have a right under Missouri law to file a Rule 91 petition for habeas corpus in either the Supreme Court of Missouri or in the Missouri Court of Appeals, Western District, for the purpose of invoking the habeas corpus jurisdiction conferred on both those appellate courts by Art. 5, § 4 of the Constitution of Missouri. This Court knows of no precedent in Missouri law that can be said to support the advice given the petitioner.

## I.

Rule 91.01, consistent with the procedural law of Missouri regulating habeas corpus proceedings since Territorial days, provides without any time limitation that "[a]ny person restrained of his liberty within in this state may petition for a writ of habeas corpus to inquire into the cause of such restraint."[18]

Consistent with the mandate of Art. 1, § 12 of the Bill of Rights of the Missouri Constitution, neither the Missouri General Assembly nor the Supreme Court of Missouri has ever attempted to provide a statute of limitations for the filing of a petition for a writ of habeas corpus. Any attempt to impose a statute of limitations on a prisoner's right to maintain a habeas corpus proceeding would present obvious problems in regard to the Missouri constitutional prohibition against the suspension of the writ of habeas corpus. For it is clear that the imposition of a statute of limitations on a habeas corpus proceeding would indeed suspend a prisoner's right to maintain such a proceeding except for the limited period of time provided in such a statute of limitations.

## J.

The petition for state habeas corpus that invoked the original jurisdiction of the Supreme Court of Missouri considered in *Williams v. Kaiser,* 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398 (1945), was filed approximately four years after the defendant's conviction at trial. *Id.* at 472, 65 S.Ct. at 364. The similar petition for habeas corpus

---

**17.** This Court was required to review a similar letter written by the Clerk of the Circuit Court of Cole County that gave the same erroneous advice to the petitioner in *Boyd v. White,* 707 F.Supp. 1100 (W.D.Mo.1989). The petition for federal habeas corpus in *Boyd* was dismissed without prejudice "for failure to exhaust available state law remedies" for the reason that: "Under Missouri law, petitioner may still seek habeas relief in the appellate courts of Missouri. *See, e.g., Manning v. Swenson,* 360 F.Supp. 362 (W.D.Mo.1973)." 707 F.Supp. at 1100. *See also Romano v. Wyrick,* 681 F.2d 555 (8th Cir.1982), for still another example of a case in which the Circuit Court of Cole County gave erroneous advice to a prisoner seeking habeas corpus relief in that court. In *Romano,* which involved an attack on the validity of probation revocation, the Circuit Court of Cole County "dismissed the petition [for habeas corpus] and instructed Romano to file a 27.26 motion in Laclede County, where he had been convicted and sentenced." *Id.* at 556. *Romano* applied the

established exhaustion rule that this Court applied in *Boyd* and held that "Romano should file a habeas petition either with the Court of Appeals of Missouri or the Supreme Court. (We think he should not be required to do both.) If this petition is rejected, he may then return to the federal district court and challenge his probation revocation in a new habeas petition." *Id. Id.* at 557.

**18.** The 1983 Committee Note to present Rule 91.01 states that the "source [of present Rule 91.01] is prior Rule 91.01." V.A.M.R. 91.01, 1989 pocket part at 25. The 1959 Committee Note to original Rule 91.01 states that "[t]his rule is substantially the same as Section 532.010 R.S.Mo. 1959 . . . ." V.A.M.R. 91.01 at 119. Indeed, original Rule 91 was almost an exact copy of Section 532.010. The Historical Note to that Section 532.010 states that section was taken from the "Act June 27, 1807, 1 Terr.Laws, p. 97, § 1; Act Jan. 11, 1815, 1 Terr.Laws, p. 352, § 1; R.S.1825, p. 419, §§ 1, 2."

considered in the companion case of *Tomkins v. Missouri,* 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407 (1945), involved a conviction on the defendant's plea of guilty obtained ten years before the petitioner invoked the original habeas corpus jurisdiction conferred on the Supreme Court of Missouri by the Constitution of Missouri.

The Court significantly stated in *Williams* that "[n]either in the briefs nor in oral argument did Missouri suggest that its *habeas corpus* procedure (see Rev.Stat. 1939, §§ 1590, 1621, 1623) is not available in this situation." 323 U.S. at 473, 65 S.Ct. at 365. Section 1590 of the 1939 Revised Statutes of Missouri cited in *Williams* was, of course, but an earlier revision of Section 532.010 R.S.Mo.1959 which, in its turn, was the source of Rule 91.01.

The impact of the Court's outright reversal of the Supreme Court of Missouri's summary dismissal of the petitions for state habeas corpus was the subject of detailed discussion in part IV–C and D of *Richardson* and will not be repeated here. *See* 716 F.Supp. at 1254–56. It is sufficient to state that Missouri's concession of the availability of its habeas corpus procedure as provided by statute at the time *Williams* was decided in 1945 reflects the absence of any time limitation on the availability of habeas corpus under the procedures presently provided by Rule 91. For the habeas corpus procedures provided by that rule are, in substance, exactly the same procedures that were formerly provided by statute. *See* footnote 18 above.

The undisputed facts established by Exhibits G and H reveal that the summary disposition of the Rule 91 petition for habeas corpus by the Circuit Court of Cole County and the advice given the petitioner by that court that he could immediately invoke the jurisdiction conferred on a federal district court by 28 U.S.C. § 2254(a) without exhausting all available state postconviction remedies by way of a habeas corpus petition in an appellate court of Missouri as required by 28 U.S.C. § 2254(b) and (c) were obviously based on the implicit assumption that the habeas corpus jurisdiction vested in the appellate courts of Mis-

souri by Art. 5, § 4, Mo. Const., to "issue and determine original remedial writs" could not under any circumstance be invoked by "any person restrained of his liberty within this state" as provided in Rule 91.01. The questions presented by the summary action of the Circuit Court of Cole County and by the advice given the petitioner that he could file his "petition in Federal Court" without further exhaustion, together with the preliminary question suggested by Judge Sachs, will be certified to the Supreme Court of Missouri.

We turn now to the principal arguments made by the respondent in his supplemental response. For this Court is of the view that the additional authorities cited by the respondent in that supplemental response cannot be said to direct attention to any controlling precedent in this state in regard to three questions that are certified to the Supreme Court of Missouri for answers.

### III

█ Respondent flatly states on pages 1094–95 of his supplemental response that "the Supreme Court of Missouri, in *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989), rejected the contention that Missouri Supreme Court Rule 29.15 violates Article I, § 12 of the Missouri Constitution:[4] 'The time limitations contained in Rules 24.035 and 29.15 are valid and mandatory.' *Id.* at 695." Respondent's footnote 4 stated:

[4] *See* Respondent's Exhibit F, 7–8, copy attached to this response. This exhibit is a portion of the appellate brief submitted on behalf of appellants Jacob L. Gray, Donald R. Wade, Neal E. Houston, and Bernard Jackson, whose appeals were consolidated in *Day v. State, supra.*

Supp.Response at 1094–95.

The portion of the consolidated brief filed on behalf of the appellants in *Gray, Wade, Houston,* and *Jackson* filed with this Court as respondent's Exhibit F established that each of those appellants had filed their respective notices of appeal in the Missouri Court of Appeals, Western District. Because the Supreme Court of Missouri's opinion in *Day* did not even mention Article I, § 12 of the Missouri Constitution, we obtained a full copy of the consolidated appellants' brief filed in the Missouri Court

of Appeals, Western District, on behalf of those four appellants. We also obtained a copy of the separate appellant's brief filed in *Walker*, in which that appellant's notice of appeal was also filed in the Missouri Court of Appeals, Western District.[19]

The jurisdictional statement of the consolidated appellants' brief filed on behalf of the appellants in the *Gray, Wade, Houston*, and *Jackson* cases and the jurisdictional statement of the separate appellant's brief filed in the *Walker* case all made clear that none of the appellants in those five cases even attempted to present the constitutional question of whether Rule 29.-15 violated the prohibition against the suspension of the writ of habeas corpus contained in Art. 1, § 12 of the Constitution of Missouri.

The jurisdictional statements of those briefs expressly recognized that exclusive appellate jurisdiction of such a question was vested in the Supreme Court of Missouri pursuant to Art. 5, § 3, Mo. Const. and that the notices of appeal filed in Missouri Court of Appeals, Western District did not attempt to present any question of Missouri constitutional law.[20]

Because our examination of the jurisdictional statements in the briefs filed in the Missouri Court of Appeals, Western District, made clear that the appellants in those cases did not attempt to present the constitutional question of whether rule 29.-15 violates Article I, § 12 of the Missouri Constitution, we obtained copies of the briefs filed in *Turner, McKown, Day*, and

*Glass*, the remaining cases covered by the Supreme Court of Missouri's opinion reported as *Day v. State.*

The consolidated appellants' brief filed in the *Turner, McKown, Day*, and *Glass* cases establishes that each of those appellants had filed their respective notices of appeal in the Missouri Court of Appeals, Eastern District, rather than in the Supreme Court of Missouri. The separate brief filed in the Missouri Court of Appeals, Eastern District, in the *Barnes* case, shows that the appellant in that case did the same.

The jurisdictional statements in the briefs filed in all the cases in which the notices of appeal were filed in the Missouri Court of Appeals, Eastern District, made clear that none of the appellants in those cases presented the contention that Rule 29.15 violated Art. I, § 12 of the Mo. Const.[21]

The jurisdictional statements in all of the briefs filed in both the Missouri court of Appeals, Western District, and in the Missouri Court of Appeals, Eastern District, thus establish that all of the notices of appeal in all of the cases eventually decided by the Supreme Court of Missouri in the case reported as *Day v. State* were filed in a Missouri Court of Appeals and that no defendant had filed a notice of appeal in the Supreme Court of Missouri. Although all those cases were eventually transferred to and were decided by the Supreme Court of Missouri in its opinion reported as *Day*

**19.** All five of the cases in which the appellants noticed their respective appeals to the Missouri Court of Appeals, Western District, were subsequently transferred to the Supreme Court of Missouri and decided by the single opinion of that court reported as *Day v. State.*

**20.** The jurisdictional statement in the appellants' consolidated brief stated that "[j]urisdiction of these appeals ... lies in the Missouri Court of Appeals, Western District, pursuant to Article V, Sections 3 and 13 of the Missouri Constitution" for the reason that those appeals "do not concern ... any matter within the exclusive jurisdiction of the Missouri Supreme Court." In like manner, the jurisdictional statement in *Walker* stated that "jurisdiction is properly in this Court pursuant to Article 5, Section 3, of the Missouri Constitution" for the reason

"[t]his case does not involve the validity of a treaty or statute of the United States, nor does it involve a statute or provision of the Constitution of this State."

**21.** Appellant's jurisdictional statement in the consolidated cases of *Turner, McKown, Day,* and *Glass* stated that "[t]his Court has jurisdiction of the appeal under Article V, Section 3 of the Missouri Constitution." The jurisdictional statement in the appellant's brief filed in *Barnes* stated that "[a]s a sentence of death was not imposed, and the appeal does not involve the validity of a treaty or statute of the United States, or of a statute or provision of the Constitution of this State, the Missouri Court of Appeals has jurisdiction pursuant to Article V, Section 3, Constitution of Missouri, as amended 1982."

*v. State,* any doubt that the appeals in those cases did not present the question of whether Rule 29.15 violates Art. 1, § 12 of the Mo. Const., is resolved by the respondent's brief filed by the Attorney General in the Missouri Court of Appeals, Eastern District, in the consolidated cases of *Turner, McKown, Day,* and *Glass.*

The respondent's brief filed in those consolidated cases reflect the Attorney General's agreement with appellants' jurisdictional statements that the "appeals [in those cases] do not involve any of the categories reserved for the exclusive appellate jurisdiction of the Supreme Court of Missouri." That brief expressly stated that "jurisdiction lies in the Missouri Court of Appeals, Eastern District. Article V, § 3, Missouri Constitution (as amended 1982)." [22]

The record before this Court does not show the ground upon which the Supreme Court of Missouri ordered the transfer of the various cases from the two Missouri courts of appeal. The opinion in *Day v. State,* however, shows on its face that the Supreme Court of Missouri considered only the questions that had been presented to those courts of appeals. Thus, contrary to the contention of the Attorney General made in his supplemental response filed in this case, this Court is of the view that it cannot be said that "the Supreme Court of Missouri, in *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989), rejected the contention that Missouri Supreme Court Rule 29.15 violates Article I, § 12 of the Missouri Constitution." [23]

It is accordingly the view of this Court that *Day v. State* cannot be considered a "controlling precedent in this state" in regard to that question within the meaning of Section 2.1 of Missouri's new certification statute.

IV

A.

The judges of this Court are hopeful that the Supreme Court of Missouri will exercise its discretion to provide this Court with the answers to the questions that are certified in the certification order entered by this Court. This Court discussed at length its view of the complications created by the repeal of Rule 27.26 and the promulgation of Rule 24.035 and Rule 29.15 in *Richardson v. Miller.*

Chief Justice Blackmar's dissenting opinion in *State v. Wheat,* 775 S.W.2d 155 (Mo. banc 1989), we believe accurately pointed out the additional complications that will inevitably flow from the construction given Rule 29.15 by the majority opinion in that case. This Court reads the majority opinion in *Wheat* as holding that the Supreme Court of Missouri's repeal of Rule 27.26 and its promulgation of Rule 29.15 implicitly overruled a long line of Supreme Court of Missouri cases which held that the merits of a Sixth Amendment ineffective assistance of counsel claims could be determined on direct appeal if that claim could be disposed of by consideration of the record on appeal.[24]

**22.** Indeed, the respondent's brief resisted transfer to the Supreme Court of Missouri. The Attorney General stated that the Court of Appeals, Eastern District, could either "affirm the actions of the St. Louis County Circuit Court, or it may transfer these cases [to the Supreme Court of Missouri]." The Attorney General argued, however, that "[r]espondent asserts that the former choice is the one which should be utilized in the case at bar because there is no question of general interest or importance in that the appellants' claim is without merit." The Attorney General's statement in regard to the alleged lack of "general interest or importance" was an obvious reference to Missouri Rule 83.02 which grants power to a Court of Appeals to transfer a case of "general interest or importance" to the Supreme Court of Missouri.

**23.** That view, as we have pointed out above, is consistent with the view stated by the Attorney General in the supplemental response filed in *Evans* in which the Attorney General conceded that neither in *Day v. State* nor in any other case has the Supreme Court of Missouri "addressed the issue of the availability of state habeas corpus relief since Rule 29.15 was enacted." *Id.* at 3.

**24.** The Supreme Court of Missouri granted transfer in *Wheat* "to determine the extent to which such [ineffective assistance] claims may be determined [on the merits] in light of the repeal of former Rule 27.26 and the adoption of new Rule 29.15." 775 S.W.2d at 157.

Chief Justice Blackmar stated in his dissenting opinion in *Wheat* that he wrote "at some length because I am not sure that prosecutors, trial judges and some appellate judges fully understand the problem presented by constitutional claims which are not disposed of on the merits." 775 S.W.2d at 159. He stated his view that the repeal of Rule 27.26 and promulgation of Rule 24.035 and Rule 29.15 was "not intended to preclude other procedures which, under past practice, were not barred by failure to resort to 27.26." [25] *Id.* at 160.

Chief Justice Blackmar stated his further view that the construction given Rule 29.15 by the *Wheat* majority opinion would have the effect of adding still another Missouri rule of decision that would have a direct impact on the adequacy of the state postconviction remedies that are made available to a state prisoner who may attack the validity of his conviction on state or federal constitutional grounds.[26]

Chief Justice Blackmar accurately noted that state court convictions "are not final" because those convictions are "subject to a panoply of postconviction remedies, in both state and federal courts." *Id.* at 159. Chief Justice Blackmar simply recognized the impact of the principles stated in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), when he stated that "[i]f the state courts do not provide a forum for the determination of postconviction claims, the federal courts

will, in proceedings under 28 U.S.C. Sec. 2254." *Id.* at 160.

Chief Justice Blackmar's recognition that the basic responsibility for the administration of state criminal justice "is that of state" was, of course, consistent with the frequently stated principles of comity and federalism that are codified in 28 U.S.C. § 2254(b) and (c). His candid statement that "I do not want the courts of another sovereignty to make factual or procedural determinations which should be the responsibility of our courts" was also stated in full accordance with those same principles. *Id.*

**B.**

■ The respondent's supplemental response reflects a truly unique view of the Supremacy Clause, Art. V, cl. 2, of the Constitution of the United States. Respondent states on page 4 of that supplemental response, that "the American system of federalism requires federal courts to take a deferential view of the state courts." It is then argued, however, that "[o]ne of the dangers of this Court's Order is that it implicitly views the courts of the State of Missouri, and the Supreme Court of Missouri in particular, as inferior." Respondent also argued that "[u]nless this Court defers to the determination of the Supreme Court of Missouri with respect to its own rules and its interpretation of the Missouri Constitution, federalism will mean very little."

Respondent perhaps inadvertently, provided the answer to those untenable argu-

---

**25.** It is reasonable to assume that Chief Justice Blackmar was familiar with the Missouri cases collected in Appendix C of *Richardson,* 716 F.Supp. at 1271–73, under which the Supreme Court of Missouri recognized that habeas corpus was an available state postconviction procedure under which a prisoner could present a federal constitutional claim that the Supreme Court of Missouri had concluded was outside the scope of Rule 27.26. *See,* for example, *Abel v. Wyrick,* 574 S.W.2d 411 (Mo.1978) (en banc), and *Sincup v. Blackwell,* 608 S.W.2d 389 (Mo.1980) (en banc), in which the validity of a probation revocation was determined on the merits.

**26.** Chief Justice Blackmar listed the already existing Missouri rules of decision under which a state trial court's denial of postconviction relief without a hearing and without a determination

of the merits of a state prisoner's postconviction claims, either state or federal, are consistently affirmed by the appellate courts of Missouri: "(1) disposition of postconviction proceedings on the basis of the pleadings or the trial record, without a hearing; (2) restriction of the right to amend pleadings for postconviction relief; (3) appellate disposition on procedural grounds, sanctioning the failure to rule the merits; and (4) barring, under Rule 29.15, of successive motions which meet the limited specifications to such motions under 27.26." 775 S.W.2d at 159. The impact of Rule 29.15(m) that prohibits successive motions under Rule 29.15 was recently decided by the Eighth Circuit in *Barks v. Armontrout,* 872 F.2d 237 (8th Cir.1989). For a detailed discussion of *Barks,* see *Richardson v. Miller,* 716 F.Supp. at 1248 and at 1260–63.

ments by quoting the last sentence of *Fay v. Noia*'s footnote 11, 372 U.S. at 403, 83 S.Ct. at 829, in which the Court concluded, in reliance on Justice Frankfurter's opinion in *Brown v. Allen,* 344 U.S. 443, 510, 73 S.Ct. 397, 448, 97 L.Ed. 469 (1953), that "the issuance of writs of habeas by the federal courts is [but] an aspect of the supremacy of federal law." Justice Frankfurther stated in *Brown v. Allen* that the jurisdiction vested in "federal district courts to entertain claims that State Supreme Courts have denied rights guaranteed by the United States Constitution, ... is not a case of a lower court sitting in judgment on a higher court. It is merely one aspect of respecting the Supremacy Clause of the Constitution whereby federal law is higher than State law." [27] 344 U.S. at 510, 73 S.Ct. at 448. Chief Justice Blackmar appropriately recognized the applicable principles of comity and federalism when he stated in his *Wheat* dissent that "[t]he best answer to a belated claim of constitutional infirmity is to show that there has been a full and fair determination of the merits in the state system." 775 S.W.2d at 159. Chief Justice Blackmar's terse statement of the best answer to problems that must be mutually faced by the state and federal judicial systems provides the essential key to how unnecessary friction between those judicial systems may be eliminated. For if a state trial court is required by a state appellate court to conduct a full and fair hearing and to make a fair determination of the merits of a prisoner's postconviction constitutional claims in accordance with the mandate of *Townsend v. Sain,* the principles stated in that case

and the principles codified in 28 U.S.C. § 2254(d) require a federal habeas corpus court to presume the correctness of all facts reliably found in a full and fair state court evidentiary hearing.[28] Friction is inevitable unless the state appellate courts require the state trial courts to hold the required hearings and to make a full and fair determination of the merits of the prisoner's postconviction constitutional claims. Friction is eliminated if state trial courts are required to perform those duties. For it is indeed a rare instance in which a state judge reads the controlling decisions of the Supreme Court of the United States in a different manner than those cases are read by a federal judge.

For the reasons stated, it is appropriate that orders be entered that will certify the questions of Missouri law presented in this case to the Supreme Court of Missouri pursuant to Missouri's new certification statute. It is therefore

ORDERED (1) that this Court enter the certification order. It is further

ORDERED (2) that the Clerk of this Court shall forward seven copies of that certification order to the Supreme Court of Missouri under the official seal of this Court.

## APPENDIX A

### MEMORANDUM AND ORDERS DIRECTING FURTHER PROCEEDINGS

Filed Sept. 26, 1989

A.

This state prisoner habeas corpus case is before this Court a second time. Petition-

**27.** *See also* this Court's discussion of Judge Donnelly's majority opinion in *State v. Brizendine,* 445 S.W.2d 827 (Mo.1969) (en banc), in parts IV and V of Appendix C of *Richardson,* 716 F.Supp. at 1274 and 1275. We there made clear that "this Court has never for a moment entertained the notion that federal habeas corpus jurisdiction conferred on all federal courts by the Habeas Corpus Act of 1867 in any way made the Supreme Court of Missouri, or indeed any other court of Missouri, 'subservient to the *trial courts* of the Federal judicial system' as stated in Judge Donnelly's 1969 majority opinion in *State v. Brizendine.*"

**28.** Section 2254(d) provides that, subject to the eight exceptions listed in that statute, that "[i]n

any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer of agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—[eight listed exceptions omitted]."

er's first Section 2254 petition, filed March 20, 1989 as case No. 89–0269–CV–W–JWO–P, was dismissed without prejudice because of petitioner's failure to comply with Rule 2 of the Rules Governing Section 2254 cases. After our review of petitioner's second petition that presently pends in this Court, we concluded that Rule 2 has been complied with and therefore entered an order to show cause.

The respondent's response to that order did not address the merits of the claims alleged in the pending petition. Rather, respondent requested "this Court to dismiss the petition without further judicial proceedings."

An order will be entered denying that request. A further order will be entered directing that the record be expanded by the respondent for reasons to be stated.

### B.

Among the grounds relied upon by the respondent to support his request for dismissal, respondent stated that "Petitioner failed to file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 27.26 (repealed 1–1–88) or Missouri Supreme Court Rule 29.15 (effective 1–1–88)." Response at 3. Respondent, in purported reliance upon *Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo. banc 1976), contended that repealed Rule 27.26 and present Rule 29.15 "provide the exclusive means of presenting an ineffective assistance of counsel claim in the sentencing court." Response at 3. Respondent accordingly argued that petitioner's "failure to present a claim in the State court constitutes a procedural bar to federal *habeas corpus* relief." *Id.*

The fact that petitioner has alleged that he unsuccessfully attempted to obtain post-conviction relief by filing two petitions for habeas corpus requires that we enter an order pursuant to Rule 7 of the Rules Governing Section 2254 cases that will expand the record in regard to those two proceedings.

### C.

Paragraphs 11(a) and (b) of the pending petition allege that on November 28, 1988 [1] the Circuit Court of McDonald County, Missouri denied a petition for habeas corpus filed in that court and that on December 6, 1988 the Circuit Court of Cole County, Missouri denied petitioner's petition for habeas corpus filed in that court.

It is necessary that an order be entered pursuant to Rule 7 directing that the record be expanded so that the relevant State court records of the Circuit Court of McDonald County and the Circuit Court of Cole County be before this Court in order that it may determine how the petitions for habeas corpus were considered and ruled by those two courts. For it is clear that present Rule 29.15 provides an entirely different State post-conviction remedy than that formerly provided by repealed Rule 27.26.

Respondent's argument that *Wiglesworth* can be said to support the notion that Rule 29.15 provides a similar exclusive substitute postconviction remedy for a habeas corpus proceeding as did repealed Rule 27.26 is untenable. *Wiglesworth* did, of course, hold that the exclusive postconviction remedy provided in repealed Rule 27.26 did not violate the provision of the Missouri Constitution that provided that "the privilege of the writ of habeas corpus shall never be suspended" (Art. I, § 12, Mo. Const.) or the provision of the Missouri Constitution that conferred power on Missouri courts of record to "issue and determine original remedial writs." Art. V, § 4, Mo. Const.

*Wiglesworth* was based on the express provision of repealed Rule 27.26(a) that provided that this "Rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights"

---

1. Petitioner's second petition contains a typographical error that alleged that the Circuit Court of McDonald County denied petitioner's habeas corpus petition on November 28, 1989.

That typographical error was corrected in the first petition filed in this Court. That correction is reflected in the text.

and its express provision that repealed Rule 27.26 "includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus." 531 S.W.2d at 715.

*Wiglesworth* posed the question: "What constitutes suspension as that term is used in constitutional provisions which prohibit suspension of the writ of habeas corpus"? *Id.* at 716. That case answered that question by holding that it "seems clear that the suspension prohibited relates to denial of the substantive right to have judicial inquiry into the cause of and justification for allegedly illegal detention." *Id.* at 717.

Repealed Rule 27.26 was held to be constitutional for the reason that that rule, as did Section 1 of the Uniform Post–Conviction Act, provided "a remedy as broad as habeas corpus which is intended to incorporate and protect all rights presently available under habeas corpus and other remedies and is adequate to test the legality of detention." *Id.* at 719.

### D.

The postconviction remedy provided by present Rule 29.15 obviously does not establish a postconviction remedy as broad as that provided by habeas corpus. For in a habeas corpus proceeding a prisoner in custody has an unlimited period of time within which he may assert his substantive right to have a judicial inquiry made into the cause and justification for his alleged illegal detention. Rule 29.15, in sharp contrast, purports to establish an exclusive State postconviction remedy that may be invoked only during a 90–day period of time. The imposition of such a limitation is obviously contrary to the historic office of the Great Writ. *See Fay v. Noia,* 372 U.S. 391, 399–412, 83 S.Ct. 822, 827–835, 9 L.Ed.2d 837 (1963).

For reasons stated in detail in *Richardson v. Miller,* 716 F.Supp. 1246 (1989), *Wiglesworth* simply cannot be read as sustaining the constitutionality of a State postconviction remedy that was purportedly promulgated as a substitute for habeas corpus which is available only for a 90–day period of time. Rather, a fair reading of *Wiglesworth* would require a holding that any State postconviction remedy that is not as broad as a remedy provided in a habeas corpus proceeding would indeed constitute a suspension of the right of habeas corpus in violation of Article I, Section 12 of the Missouri Constitution.

We therefore believe it is obvious why it is necessary that an order be entered to expand the record so that this Court may determine how the petitions for habeas corpus filed in the Circuit Court of McDonald County and the Circuit Court of Cole County were processed and considered.

For the reasons stated, it is

ORDERED (1) that the request of the respondent that this Court dismiss the pending petition without further judicial proceedings should be and the same is hereby denied. It is further

ORDERED (2) that pursuant to Rule 7 of the Rules Governing Section 2254 cases, respondent shall, on or before October 11, 1989, prepare, serve, and file a supplemental response to this Court's order to show cause to which he shall attach accurate copies of all relevant State court records that will reflect the filing and processing of the petitions for habeas corpus allegedly filed by the petitioner in the Circuit Court of McDonald County, Missouri and in the Circuit Court of Cole County, Missouri. It is further

ORDERED (3) that respondent's supplemental response shall respond to the merits of the claims alleged in the pending petition for habeas corpus.

### APPENDIX B

### RESPONDENT'S SUPPLEMENTAL RESPONSE

Filed Oct. 11, 1989

COMES NOW Respondent herein, by and through counsel, and states as follows in response to this Court's Order of September 26, 1989 (hereinafter "Order"):

*Preliminary Statement*

Respondent strongly disagrees with this Court's discussion of Missouri Supreme Court Rule 29.15. For the reasons stated below, Respondent respectfully requests this Court to reconsider its Order and to dismiss the petition for a writ of *habeas corpus* without further judicial proceedings.

First, the question with respect to Petitioner's first claim,[1] alleging ineffective assistance of counsel in several respects, is whether his failure to file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 27.26 (repealed effective 1-1-88) or Missouri Supreme Court Rule 29.15(m) (effective 1-1-88), during the two years after his application to transfer to the Supreme Court of Missouri was denied,[2] constitutes "an independent and adequate state procedural ground" precluding federal *habeas corpus* review of that claim. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). This Court's Order in effect concedes the independence and adequacy of the procedural bar in the instant case. Respondent submits that unless this Court finds cause for the default and actual prejudice elsewhere,[3] there is no basis in federal law upon which to ignore the procedural bar.

This Court suggests, without holding, that Missouri Supreme Court Rule 29.15 violates Article I, § 12 of the Missouri Constitution (*See* Order, 5). If that is the sole basis for the Order, then this Court is without jurisdiction over the issue. For the Supreme Court of Missouri, in *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989), rejected the contention that Missouri Supreme Court Rule 29.15 violates Article I, § 12 of the Missouri Constitution:[4] "The time limitations contained in Rules 24.035 and 29.15 are valid and mandatory." *Id.* at 695. This Court is bound by the Supreme Court of Missouri's construction of the Missouri Constitution. *See Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 2683–84 n. 3, 97 L.Ed.2d 1 (1987) (in federal *habeas corpus* proceedings, the federal court is bound by state court interpretation of state law); *Johnson v. Trickey,* 882 F.2d 316, 320 (8th Cir.1989); *Williams v. Armontrout,* 877 F.2d 1376, 1383 (8th Cir.1989); *Wilkerson v. Wyrick,* 806 F.2d 161, 164 (8th Cir.1986), *cert. denied,* 481 U.S. 1071, 107 S.Ct. 2466, 95 L.Ed.2d 875 (1987).

Second, the Order overlooks the fact that modern circumstances are vastly different from those at the inception of the writ of *habeas corpus.* In the early days, the writ was employed as a remedy for arbitrary executive detentions and "to effect the release of persons detained by order of inferior courts." *Fay v. Noia,* 372 U.S. 391, 403, 83 S.Ct. 822, 829, 9 L.Ed.2d 837 (1963). Modern imprisonment, imposed as punishment after a valid trial, is entirely different from imprisonment at common law. One

1. As noted in the previous response, the defaults in Petitioner's second and third claims arose on entirely different premises from that in his ineffective assistance of counsel claim. Petitioner defaulted on his second claim by not including it in his motion for new trial and by not bringing it forward on direct appeal. Under Missouri law, such claims are waived. *State v. Heitman,* 472 [473] S.W.2d 722 (Mo.1971); *State v. Sager,* 600 S.W.2d 541 (Mo.App.1980). Petitioner defaulted on his third claim by failing to comply with Missouri Supreme Court Rule 30.-06 (*See* Respondent's Exhibit E, 925). These defaults have nothing to do with the Rule 29.15 default and should be treated separately.

2. Petitioner's application to transfer to the Supreme Court of Missouri was denied on June 17, 1986 (Respondent's Exhibit E, 924). He had until January 1, 1988 to file under Rule 27.26 and an additional six months, until June 30, 1988, in which to file under Rule 29.15. He therefore had *more* than two years in which to present his ineffective assistance of counsel claim in state court.

3. *See, e.g., Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (novel claim) and *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (probable actual innocence); *Ellis v. Lockhart,* 875 F.2d 200 (8th Cir.1989). Petitioner cannot satisfy these conditions.

4. *See* Respondent's Exhibit F, 7–8, copy attached to this response. [Omitted by court for purposes of publication.] This exhibit is a portion of the appellate brief submitted on behalf of appellants Jacob L. Gray, Donald R. Wade, Neal E. Houston, and Bernard Jackson, whose appeals were consolidated in *Day v. State, supra.*

cannot equate imprisonment in common law England with that in the United States. Indeed, the latter is a modern development:

> Penal theory at common law was very simple. For misdemeanor, the punishment was in the discretion of the justices; fines and whipping were the usual forms, *penal imprisonment being a costly modern invention.* For felony, the convict's person was in the king's mercy. In the earliest times this enabled some discretion to be used in ordering mutilations thought appropriate to the crime, but the common law soon fixed the sentence, with very few exceptions, as death.

J. Baker, An Introduction to English Legal History 420 (1979), emphasis added.[5]

Moreover, the American system of federalism requires federal courts to take a deferential view of the state courts: "Of course the state courts are not inferior courts in any sense thought (at least by King's Bench) to be true of the Admiralty Court; the issuance of writs of habeas by the federal courts is, rather, an aspect of the supremacy of federal law." *Fay v. Noia, supra* at 403 n. 11, 83 S.Ct. at 829 n. 11. One of the dangers of this Court's Order is that it implicitly views the courts of the State of Missouri, and the Supreme Court of Missouri in particular, as inferior. Unless this Court defers to the determination of the Supreme Court of Missouri with respect to its own rules and its interpretation of the Missouri Constitution, federalism will mean very little.

The United States Court of Appeals for the Eighth Circuit, in upholding a procedural bar, recently affirmed its intention to maintain a balance in the relationship between state and federal courts:

> ... [T]he effect of dismissing the petition, after all, is only to leave in effect the presumptively correct judgment of the state court. The state courts are and must remain the primary administrators of criminal justice. Review on federal habeas is an exception to the normal rules of finality of judgments. It is not surprising that such review is hedged about with strict procedural safeguards.

*Ellis v. Lockhart,* 875 F.2d 200, 202 (8th Cir.1989). Respondent respectfully submits that this Court is precluded from imposing its view of *habeas corpus* on the State of Missouri.[6]

### Statement as to the Merits

The following discussion of the merits of Petitioner's three claims should not be construed as a waiver of the procedural bars. Rather, Respondent seeks only to comply with this Court's Order of September 26, 1989.

Petitioner first contends that he received ineffective assistance of counsel for failure to investigate an alleged Fourth Amendment violation and for failure to cross-examine a physician as to why no live sperm were found inside the victim. In order to succeed on this claim, Petitioner must demonstrate egregious attorney error and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Laws v. Armontrout,* 863 F.2d 1377, 1387 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989).

Petitioner fails to specify the nature of the alleged Fourth Amendment violation.

---

**5.** For discussions of the origins of imprisonment as punishment in the United States, *see,* for example, D. Rothman, The Discovery of the Asylum: Social Order and Disorder in the New Republic (1971) and M. Hindus, Prison and Plantation: Crime, Justice and Authority in Massachusetts and South Carolina, 1767–1878 (1980).

**6.** This Court is of the opinion that "in a habeas corpus proceeding a prisoner in custody has an unlimited period of time within which he may assert his substantive right to have a judicial inquiry made into the cause and justification for his alleged illegal detention" (Order, 4). While this made sense at common law, modern circumstances, as discussed above, render it doubtful. Moreover, since the purpose of *habeas corpus* is to provide "'a swift and imperative remedy,'" *Fay v. Noia, supra* 372 U.S. at 400, 83 S.Ct. at 828, citations omitted, there is something incongruous in the notion that a prisoner can languish in prison for years before filing for relief.

There is therefore no factual basis for the claim. Moreover, the first volume of the trial transcript (Respondent's Exhibit B), consists solely of the evidentiary hearing on Petitioner's motion to suppress evidence. Further review of the Fourth Amendment claim is barred. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

As for the claim of failure to cross-examine Dr. Anderson (*see* Respondent's Exhibit B, Vol. II, 15–19), Petitioner fails to specify what information such cross-examination would divulge and how it would be helpful to his defense. In view of the fact that Dr. Anderson had found "a high level of acid phosphatase[,]" in the victim, cross-examination of the type described by the petitioner would be irrelevant. Moreover, under Missouri law, ejaculation is irrelevant in rape cases. *See State v. Salkil*, 659 S.W.2d 330, 333 (Mo.App.1983): "Penetration, not ejaculation, is the proof of rape."

Petitioner cannot demonstrate attorney error and resulting prejudice. Therefore, his first claim is without merit and should be denied.

In his second claim, Petitioner contends that he had a sufficient number of veniremen from which to choose the panel. Once again, the Petitioner fails to offer any facts to support the claim. Although he refers to "page 8 paragraph M," no such document is attached to the petition. Nor were the voir dire proceedings transcribed. There is no factual basis upon which a response can be made.

Petitioner next contends that the trial court improperly allowed a witness to invoke the rape shield. Although he refers to "page 6A, paragraph M," there is no such information provided. Respondent has no idea what Petitioner means by this claim.

In his third claim, Petitioner contends that his conviction violates double jeopardy in that sodomy is an underlying felony of kidnapping and that time is of the essence in sodomy convictions. The first portion of this claim is frivolous. Kidnapping and sodomy clearly are distinguishable. Moreover, in its alternative holding, the Missouri Court of Appeals found no plain error with respect to the second portion of the claim:

> Viewed favorably to the verdict, the evidence in this case established five acts of deviate sexual intercourse personally accomplished by the defendant. It established nine acts accomplished by Mudd, aided by the defendant. The defendant sought acquittal by his testimony that the victim consented. The failure to specify the time of each offense did not hinder the defendant from presenting this defense.

(Respondent's Exhibit E, 924). These findings are presumed correct. 28 U.S.C. Section 2254(d). Petitioner fails to demonstrate the existence of any of the eight exceptions to the presumption. Therefore, he cannot succeed on this claim. It is without merit and should be denied.

Respondent again requests this Court to enforce the procedural bar with respect to these claims.

### Conclusion

WHEREFORE, respondent requests this Court to dismiss the petition without further judicial proceedings.

Respectfully submitted,

WILLIAM L. WEBSTER
Attorney General

/s/ Jared R. Cone
JARED R. CONE
Assistant Attorney General

Post Office Box 899
Jefferson City, MO 65102
(314) 751–3321

Attorneys for Respondent